B. H. Throop, and B. H. Throop for the use of A. B. Munn, Appellants, *v.* Sarah Griffin, Administratrix of Aaron Griffin, deceased.

*Judgment—Revival of judgment—Discharge in bankruptcy—Fraud—Evidence.*

On a scire facias to revive a judgment, the administratrix of the defendant in the judgment set up a discharge in bankruptcy granted to said defendant in 1879.   Plaintiffs alleged in reply the fraudulent concealment on the part of the defendant of his title to a lot of land.   It appeared that the defendant bought the land in question in 1869, at sheriff's sale, and made no effort to assert his title prior to his death, which occurred in 1883. In 1890, his widow and heirs at law recovered the land in an action of ejectment.   *Held,* that the evidence of fraudulent concealment was insufficient to submit to the jury.

Argued Feb. 26, 1897.   Appeal, No. 82, Jan. T., 1897, by plaintiff A. B. Munn, from judgment of C. P. Lackawanna Co., Nov. T., 1894, No. 428, on verdict for defendant.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Scire facias to revive judgment.   Before EDWARDS, J.
The facts appear by the opinion of the Supreme Court.

The court charged as follows :
According to my view of the law of this case there is nothing to submit to you.   [The only question of fact that possibly could have been submitted to you would be the evidence that was offered for the purpose of showing that Aaron Griffin in his lifetime concealed in the proceedings in bankruptcy certain property that he owned.   It appears afterwards, a great many

years since that time, that the heirs of Aaron Griffin, after he was dead, instituted proceedings to recover certain real estate which they claimed was owned by Aaron Griffin, and finally recovered, according to the records offered in evidence.  I consider that insufficient to submit to you to show that there was an intentional concealment on the part of Aaron Griffin as to the property in question.] [1]   [Under my present view of the case, and on the whole, I think, the discharge in bankruptcy which has been offered in evidence has extinguished this debt and the judgment as well; therefore, I direct you to return a verdict in favor of the defendant.] [2]

*Errors assigned* were (1, 2) above instructions, quoting them.

*S. B. Price*, with him *H. M. Hannah*, for appellants.—A discharge in bankruptcy is void if the bankrupt conceals his property or fails to turn it over to his assignee : Kaine v. Weigley, 22 Pa. 183; Montgomery Web Co. v. Dienelt, 133 Pa. 594; In re Perkins v. Gay, 3 National Bankruptcy Register, 189; Beardsley v. Hall, 36 Conn. 270; Peterson v. Speer, 29 Pa. 478; Richards v. Nixon, 20 Pa. 19; Eyster v. Gaff, 91 U. S. 521; Smith v. Mason, 14 Wall. 419; Payne v. Able, 4 National Bankruptcy Register, 67; Marshall v. Knox, 16 Wallace, 551; Mays v. Fritton, 20 Wallace, 414; Doe v. Childress, 21 Wallace, 642; Burbank v. Bigelow, 92 U. S. 179; Poillow v. Lawrence, 77 N. Y. 207; Crouse v. Whittlesey, 40 N. Y. St. Rep. 133.

*Lemuel Amerman*, with him *John B. Collings*, for appellee.—There was no sufficient evidence of fraudulent concealment of property : In re Wyatt, Fed. Cases, 18106; In re Wilson, Fed. Cases, 17783; In re Mark Banks, Fed. Cases, 958.

A mere failure on the part of the bankrupt to render in property possessed by him on his schedules is not made a ground by the act of bankruptcy for refusing his discharge.  The act does not make the concealment of the same a ground for such action, but it must be averred and proved that it was wilful : In re Eidom, Fed. Cases 4314; In re Connell, Fed. Cases 3110.

An omission of property by accident or mistake will not prevent a discharge; Loud v. Pierce, 25 Me. 233; Suydam v.

Walker, 16 Ohio, 122; Crooker v. Trevett, 28 Me. 271; In re Pearce, Fed. Cases 10873; Steene v. Aylesworth, 18 Conn. 244; In re Hummitsh, Fed. Cases 6866; Noble v. Hammond, 129 U. S. 65; Strang v. Bradner, 114 U. S. 555; Douglass v. Mitchell's Exr., 35 Pa. 440.

The validity of the discharge in bankruptcy cannot be questioned in this proceeding; (1) because this court has no jurisdiction; (2) because the statute of limitations has intervened, more than two years having elapsed since the date of the discharge. Any creditor of a bankrupt, whose debt was proved or provable against the estate in bankruptcy, who desires to contest the validity of the discharge on the ground that it was fraudulently obtained, may, at any time within two years after the date thereof, apply to the court which granted it to annul the same. The application shall be in writing, and shall specify which in particular of the several acts mentioned in section 5110 it is intended to prove against the bankrupt, and set forth the grounds of avoidance; and no evidence shall be admitted as to any other of such acts; but the application shall be subject to amendment at the discretion of the court: U. S. Revised Statutes, sec. 5720.

This provision contains the only provision of the law of congress by which this conclusive effect is to be prevented on debts proved or provable, and that is by having the decree granting it annulled and set aside on proceedings regularly instituted for the purpose within two years from the time of granting it in the court which granted it. In addition, the discharge itself recites the fact on its face, that the party has been duly adjudged a bankrupt, and appears to have conformed to all the requirements of law in that behalf, and therefore it is ordered by the court that he be forever discharged from all debts. The power conferred on the court of bankruptcy to annul a discharge is exclusive, and the discharge, like any other judgment, cannot be impeached, when brought in question in a collateral action by any party who has been properly notified of the pendency of the proceedings in bankruptcy: Bump on Bankruptcy, p. 243.

An adjudication in bankruptcy, correct in form and rendered in a proceeding of which the court had jurisdiction, cannot be attacked collaterally: Chapman v. Brewer, 114 U. S. 158.

PER CURIAM, March 22, 1897 :

The scire facias in this case was issued in October, 1894, to revive the lien of a judgment entered in June, 1877. The defendants replied a discharge in bankruptcy granted in July, 1879. The plaintiffs sought to overcome the effect of the discharge by alleging the fraudulent concealment on the part of Aaron Griffin, the bankrupt, of his title to the lot of land now sought to be charged with the judgment. The evidence showed that Griffin's title was based upon a sheriff's sale, at which he became the purchaser, made in May, 1869. He made no effort to assert his title prior to his death, which occurred in June, 1883. This was fourteen years after the purchase of the lot and four years after his discharge. In 1890, nearly seven years after his death, his widow and heirs at law brought an ejectment, and succeeded in asserting the title acquired by their decedent in 1869. This was all the evidence from which an intentional concealment could be found. Griffin did not include the lot in his inventory, but he was not in possession and may not have regarded the title as of any value to himself or his creditors. Fraud is not to be presumed. The learned judge of the court below did not think the evidence justified the submission of the question of fraudulent concealment to the jury, and this is the error complained of. We are not persuaded however that the jury should have been allowed to find the fraudulent concealment of his title by Griffin upon the evidence before us. From the time he acquired it in 1869, till he died in 1883, a period of about fourteen years, he does not seem to have thought it of sufficient value to justify an effort to obtain possession. Unless the discharge was fraudulently obtained, it was a good defense to the scire facias. Under the facts of this case, it is not necessary to inquire whether the discharge can be attacked collaterally in the state courts since. If the jurisdiction of the state courts should be conceded, the evidence is insufficient to establish the fraud asserted.

The assignments of error are overruled and the judgment affirmed.