## STOVALL v. STIPP.

[No. 12,286.    Filed April 2, 1925.]

1. BANKRUPTCY.—*Discharge in bankruptcy constitutes defense to action to renew a scheduled judgment, with certain exceptions.*—A discharge in bankruptcy is a good defense to a suit to renew any judgment that was duly scheduled unless obtained by fraud or excepted by statute from the operation of the discharge.    p. 613.

2. BANKRUPTCY.—*Renewal of judgment scheduled in bankruptcy, burden of proving that it was not discharged on judgment creditor.*—In an action against a discharged bankrupt to renew a scheduled judgment, the burden of proving that the judgment was within the exceptions of the bankruptcy law so as to take it out of the operation of the discharge is upon the judgment creditor.    p. 613.

3. BANKRUPTCY.—*Notice to judgment creditor of bankrupt not essential to discharge of judgment that was scheduled by bankrupt.*—Failure to give notice of the bankruptcy proceeding to a judgment creditor whose judgment was scheduled by the bankrupt does not release the judgment from the operation of the discharge.    p. 614.

From Lawrence Circuit Court; *James A. Cox,* Judge.

Action by Zelmond F. Stovall against Jesse T. Stipp. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Giles & Doman,* for appellant.
*Boruff & Boruff,* for appellee.

NICHOLS, J.—Action by appellant to renew a judgment.

To the complaint, appellee filed an answer in two paragraphs, the first a denial, and the second an answer of discharge in bankruptcy. Appellant's demurrer to the second paragraph of answer was overruled, to which ruling appellant excepted. There was a trial by the court which resulted in a finding and judgment for appellee.

The errors assigned are the action of the court in overruling appellants' demurrer to the second paragraph of answer, and in overruling his motion for a new trial.

There is merit in appellee's contention that appellant has waived the errors which he seeks to present for the reason that his brief contains no points 1, 2. and authorities. However, as appellant's counsel seem to have acted in good faith, and as we can readily determine the questions which he seeks to present, we conclude to decide the case on its merits. Appellant first contends that the judgment is not discharged because it was taken more than four months before the bankruptcy proceedings. There is nothing in this contention. Proof, as here, of a discharge in bankruptcy is a good defense against a suit to renew any judgment duly scheduled in bankruptcy unless fraudulently obtained or unless it appears that such judgment is excepted by statute from the operation of the discharge, and the burden of proof of fraud, or that

614 · APPELLATE COURT OF INDIANA,

Terre Haute, etc., Traction Co. *v.* McDermott—82 Ind. App. 614.

such judgment is excepted from the discharge, is on the judgment creditor. *Throop* v. *Griffin* (1897), 180 Pa. St. 452, 36 Atl. 865; *Boggs* v. *Dunn* (1911), 160 Cal. 283, 116 Pac. 743; *In re Hale* (1908), 161 Fed. 387; *Kreitlein* v. *Ferger* (1915), 238 U. S. 21, 59 L. Ed. 1184; §§3461, 3462, 3565, Remington, Bankruptcy.

This burden appellant has not assumed, and there is no proof to that effect.

Appellant next contends that the decision of the trial court was erroneous because there was no averment or proof of notice of the bankruptcy proceeding to appellant, the judgment creditor. But appellant's authorities to sustain this contention pertain to judgments that were not scheduled. The bankrupt act expressly provides that "a discharge in bankruptcy shall release a bankrupt from all of his provable debts except such as have not been duly scheduled," etc.

The second paragraph of answer averred that the judgment was duly scheduled by appellee and that appellee was discharged. The certificate of discharge was read in evidence, and there was proof that the judgment was duly scheduled. The court, therefore, did not err in its ruling. *Beck & Gregg Hardware Co.* v. *Crum* (1906), 127 Ga. 94, 56 S. E. 242.

The judgment is affirmed.