## GARY v. EASTABROOK et al.

A sale by a sheriff, under execution, of a house claimed as a homestead by the defendant in execution, and ascertained by appraisement to be worth over $5,000, should not be made until an exact appraisement of the value of the premises is obtained, so that the sheriff can convey a definite fractional undivided interest therein.

It follows that a deed of the premises claimed as a homestead, given by the sheriff to the purchaser at the execution sale, for the excess of value of the premises over $5,000, conveys an undefined and uncertain interest, upon which the purchaser cannot maintain an action for possession and mesne profits.

The question as to whether buildings used for hotels, stores, etc., are susceptible of dedication for homestead purposes, is reserved.

APPEAL from the Superior Court of the City of San Francisco.

This was an action of ejectment and for mesne profits, brought by the plaintiff as purchaser, at execution sale, of that lot of land and premises in the City of San Francisco, known as "Wilson's Exchange," and used as a hotel. The evidence shows that the plaintiff bought, at a sale of the property on execution against the then owner, Ezekiel Wilson, and others; that prior to the sale, Wilson claimed his homestead right in the property, whereupon an appraisement was had, by which it was ascertained that the property was worth over $5,000; that Wilson having elected that the excess over $5,000 in said property should be sold, the sheriff thereupon, after legal notice, etc., "sold the said excess in value over $5,000 in value of said land and tenements" to the plaintiff, who was the highest bidder in cash for the same. The plaintiff resting on the production of his deed reciting the sale as above set forth, and proof of the facts therein recited, and of Wilson's title and possession, and the present possession of the defendants, the Court below, on motion of defendants, entered a judgment of non-suit. Plaintiff moved for a new trial, which was overruled, and plaintiff appealed.

*F. M. & H. H. Haight* for Appellant.

I. What rights were acquired by the sheriff's sale? The land claimed

as a homestead was less than twenty-five hundred square yards. It was therefore to be sold, and if it was subject to sale, the ceremony would be a useless one, unless some rights were acquired. The plain and obvious meaning of the statute is, that the sale takes place subject to the homestead rights, which are to be ascertained. Subject to this claim the purchaser acquires the fee. Land must always have an owner. After the sale, the title was either in the purchaser or Wilson. If in Wilson, nothing was acquired by the sale of the land. If in the purchaser, then he held it subject to the homestead right. It is not a suit to eject or turn out the judgment debtor, claiming a homestead, but a mere naked occupant, without right and not professing to claim as tenant of Wilson, or any other right in or to the premises.

We purchased the premises and were invested with the fee as against every one, certainly, except Wilson, claiming a homestead.

Could Wilson maintain an action of trespass or ejectment as against a wrong doer? Some one has a right to the rents and profits and to the possession. We submit that the excess mentioned in the statute means simply, that the sale may take place subject to the rights of homestead to be thereafter ascertained, either by payment of money or by division of the property. It is not unlike a sale subject to the right of dower in the premises at common law. The title passes and is perfect, subject only to have the dower admeasured and set apart at a future time, or to compensation for it in money.

II. The statute gives a purchaser at sheriff's sale the fair value of the use and occupation. This claim is valid, certainly against every person except the defendant, Wilson, or those claiming under him. It is good probably against his tenants. But certainly the defendants ought to pay some person. It is not pretended in the pleadings or evidence, they had paid any rent to any one. We were entitled to the rents after the sale. If not entitled to the entire rents, less the part occupied by Wilson and his family, we had a right to a portion. If we were entitled to recover anything, the non-suit was wrong.

III. This case has been supposed to be like the case of Cook *v.* McChristian. There is no analogy. That was against the party in possession claiming the homestead. The sale to Cook was absolute. He claimed to recover the excess in value over $5,000. The Court said he could not in that action.

This case is unlike the case of Cook *v.* McChristian, in being a judicial sale, recognising in Wilson his rights of homestead, but as against all other persons, acquiring a perfect title.

In the case of Cook *v.* McChristian the deed was void. It was against the express enactment of the homestead law. In our case the deed is exactly according to the requirements of law. Again, defendant may not owe any other debt, and desire to redeem. He has his homestead, and by a redemption he secures the entire property.

*S. M. Bowman* for Respondent.

In this case, plaintiff being the purchaser of an interest in Wilson's

Exchange Hotel, to wit: the excess over $5,000, brings suit in eject-
ment to recover.

On trial the respondents moved for and obtained a non-suit, on the
following grounds, to wit:

1. That it appears from the plaintiff's pleadings and proof that Eze-
kiel Wilson, has a homestead right in the premises, claimed in the com-
plaint, which has never been defined and set apart.

2. And that by reason of this homestead right the plaintiff has not
shown any title to any particular part of the premises on which a judg-
ment could operate.

These are good grounds for a non-suit; because the plaintiff must
show such a description of the premises as will enable the sheriff to
deliver possession after judgment. The excess over $5,000 cannot
be localized. Jackson v. May, 16 Johns., 184; Cook v. McChristian,
4 Cal., 27, last clause of opinion. Also, see Fenwick v. Floyd's Lessee,
1 Har. & Gills. R., 172; Clark v. Clark, 7 Vt. R., 190; Sawyer v. Titts,
4 Stew. & Porter, 365; Black v. Hepburne, 2 Yeates Pa. R., 331;
Farley v. Craig, 3 Greene, 192, N. J. R.

And the third ground for non-suit was: That it appears from the
plaintiff's evidence, that Wilson occupied the premises with his family
at the time of the sale and ever since, and in any suit for the premises
he should be made a party.

By the Court.—Mr. Justice HEYDENFELDT:

The plaintiff cannot recover upon his sheriff's deed, because the in-
terest conveyed to him is undefined and uncertain.

Under the Homestead Act, it is the duty of the appraisers to ascer-
tain and report the value of the land. Then as five thousand dollars
taken from the sum of the valuation is to the remainder of the valua-
tion, so will be the proportion of undivided interest in the property which
is subject to be sold under execution.

To illustrate this so as to prevent any misapprehension: suppose a
piece of property to be sold except the homestead interest; if the value
of the whole is found by the appraisement to be twenty-seven thousand
dollars; then as five thousand dollars is five twenty-sevenths of the sum,
the remainder is twenty-two twenty-sevenths, and consequently it is
ascertained that the proportion to be sold out of the property is twenty-
two twenty-sevenths of the whole undivided.

This mode will render to each party in interest a certain and definite
estate. Without giving this construction to the statute, some of its
provisions would be beyond the power of a Court to enforce.

Judgment affirmed.

MR. CHIEF JUSTICE MURRAY AND MR. JUSTICE TERRY.—We con-
cur in the foregoing opinion, reserving any question which may hereaf-
ter arise as to whether buildings used for hotels, stores, etc., are
susceptible of dedication for homestead purposes.