[No. 3,823.]

## ROBERT C. ROGERS *v.* FRANCIS H. DRUFFEL.

JUDGMENT LIEN.—A judgment creditor, in order to preserve the priority of his lien, must sell the real property within the period of the statutory lien of the judgment, and the levy of an execution during that period neither creates a new lien nor extends the judgment lien.

WHEN JUDGMENT LIEN COMMENCES TO RUN. — The two years within which the judgment creditor must sell the real property dates from the docketing of the judgment, unless execution is stayed by an order of the Court pending a motion for a new trial, or by an appeal with a stay bond. An order enjoining a sale on the execution does not stop the running of the two years lien, nor extend the time within which the executor's sale must be made.

COLLATERAL ATTACK ON JUDGMENT.—A judgment cannnot be collaterally attacked on the ground that the costs were improperly taxed or inserted in the judgment.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

The plaintiff had judgment and the defendant appealed. The other facts are stated in the opinion.

*A. W. Thompson,* for Appellant, cited *Barroilhet* v. *Hathaway,* 31 Cal. 397; Crocker on Sheriffs, Sec. 416; dissenting opinion in *Bagley* v. *Ward,* and cases there cited.

*Daniel Rogers,* for Respondent, referred to *Bagley* v. *Ward,* 37 Cal. 121; *Barroilhet* v. *Hathaway,* 31 Cal. 395; *Levy* v. *Getteson,* 27 Cal. 688; *Laskey* v. *Davis,* 33 Cal. 677.

By the COURT:

Action to quiet title to a lot in the City of San Francisco. Both parties claim this under John G. Gimmy. The plain-

tiff's deraignment of title is as follows: In an action for divorce brought by Anna M. Gimmy against John G. Gimmy, a ju gment was rendered April 1st, 1861, in favor of Anna against John G. Gimmy, for a divorce and for the recovery of one hundred dollars, counsel fees and her costs taxed at four hundred and twenty-two dollars, and the judgment was duly docketed. In May, 1861, an execution was issued on that judgment, and under it the Sheriff sold the property, and in pursuance thereof, in April, 1862, executed the deed of conveyance, under which the plaintiff claims title.

The defendant's deraignment of title is as follows: Maria B. Gimmy recovered a judgment for five thousand dollars against John G. Gimmy, February 1st, 1860, and it was docketed on that day. On the 4th of March, 1861, an execution was issued on the judgment, and on that day the Sheriff levied upon the premises in controversy. In an action commenced by Anna M. Gimmy against Maria B. Gimmy and the Sheriff, a temporary order of injunction was issued in March, 1861, restraining the sale under the last mentioned execution; and in November, 1862, the injunction was dissolved. In June, 1863, on motion of Maria B. Gimmy, the District Court ordered an alias execution to issue, and it was accordingly issued, and under it the Sheriff sold the premises in July, 1863, and in pursuance of such sale the Sheriff executed a deed of the premises to the defendant in April, 1864. It thus appears that the defendant's judgment lien first attached; that his execution was levied, but his sale was not made within two years from the docketing of the judgment, unless the time during which the sale was restrained by injunction be deducted.

It was held in *Bagley* v. *Ward*, 37 Cal. 121, after full and deliberate consideration, that a judgment creditor, in order to preserve the priority of his lien, must sell the real property within the period of the statutory lien of the judgment; and that the levy of an execution during that period, neither

created a new lien nor extended the judgment lien. We have seen nothing since that decision to shake our confidence in the principles there laid down.

It was held in *Barroilhet* v. *Hathaway*, 31 Cal. 397, that "the two years mentioned in the two hundred and fourth section of the Practice Act, which relates to judgment liens, commence to run from the docketing of the judgment, unless execution is stayed by an order of the Court pending a motion for a new trial, or by an appeal with a stay bond." In view of that construction of the statute, we hold that the order of injunction mentioned in this case, did not stop the running of the statute.

The judgment under which the plaintiff claims, cannot be attacked collaterally, on the ground that the costs were improperly taxed or inserted in the judgment.

Judgment affirmed.