[No. 7,958.—Department One.]

## JOHN S. BARRETT *v.* J. V. SIMS ET AL.

HOMESTEAD—EXECUTION—FORCED SALE.—The homestead (except in the cases enumerated in Section 1241, Civil Code), *no matter what may be its actual value,* can not be subjected to execution or forced sale, except in the manner pointed out in Sections 1245 and 1259, Civil Code.

ID,—ID.—ID.—JUDGMENT LIEN.—There is no lien of the judgment upon a homestead until the levy of an execution; and that levy creates no lien, except for the purpose of and as a foundation for instituting and carrying on proceedings to have an appraisement and sale under the statute.

APPEAL from a judgment for the plaintiff, in the Superior Court of the County of Sacramento. DENSON, J.

*A. L. Hart,* for Appellant.

The only means by which the homestead can be reached by a judgment creditor is, after the issuance of an execution, by the appointment of appraisers, in cases where the value of the homestead exceeds the statutory amount. (C. C., § 1245; *People* v. *Craycroft,* 2 Cal. 243; *Ward* v. *Severance,* 7 id. 126.)

No judgment creates a lien upon a homestead, except one rendered before the homestead declaration was made and filed. (C. C., § 1241; *Ackley* v. *Chamberlain,* 16 Cal. 181; *Williams* v. *Young,* 17 id. 403; *Halleck* v. *Moss,* 22 id. 277.)

*Freeman & Bates,* for Respondents.

Plaintiff is admitted to have an attachment, and also a docketed judgment. Both the attachment and the judgment are liens on the property owned by Sims and not embraced in his homestead, viz.: liens on such parts of the premises included in the declaration as shall prove not to be exempt. Now, the plaintiff has the right to take out execution, not-

withstanding the filing of this declaration; and he has the right to the aid of equity in removing obstructions and in marshaling liens, so that he may effectively pursue his legal remedy. In this suit, the plaintiff can not have the value of the homestead determined, nor can he have it segregated and a specific part set off to him as subject to execution. For whenever a homestead is sought to be sold under a judgment, it must be appraised and segregated in another mode. (C. C., § 1245.) It was therefore not incumbent on the plaintiff to go into the question of the value of the homestead here. Having obtained the aid of equity in requiring resort to be first had to the land deeded to Beckman, the plaintiff can now take out his writ; have his appraisers appointed; and if they appraise the homestead premises at five thousand dollars or less, he must stop. The decree does not purport to annul the homestead, but declares that plaintiff is entitled to proceed, "subject to said homestead interest of Sims and wife."

MYRICK, J.:

The allegations of the complaint are, in substance, that on the fourteenth of January, 1879, the defendant, J. V. Sims, executed a mortgage to the defendant Clarke, to secure the payment of eight thousand dollars, and that the mortgaged premises consist of a tract of land known as Swamp Land Survey 836; that on the sixth of May, 1880, the defendant J. V. Sims executed to the defendant Beckman a deed of said premises, except a strip twenty-five rods wide on the west side thereof, and on the same day filed a declaration of homestead on the said twenty-five-rod strip; that said deed to Beckman, purporting to be made in consideration of eight thousand four hundred dollars, was in fact without consideration received or paid, and that the object and intent of making the conveyance and filing the declaration was to hinder, delay, and defraud the creditors of said defendant J. V. Sims, and particularly plaintiff, and to cover up his property so that it could not be reached; that on the twelfth of July, 1880, the defendant Sims being indebted to plaintiff on two promissory notes, in the sum of four thousand one hundred and ninety-eight dollars and fifty-nine cents, plaintiff commenced an action on said notes against said Sims in the Superior

Court of the City and County of San Francisco, and sued
out a writ of attachment, which was levied upon the right,
title, and interest of defendant Sims, in said tract of land;
that such proceedings were had that on the eighteenth of
September, 1880, judgment was rendered in said action in
favor of plaintiff and against said defendant Sims for four
thousand three hundred and thirty-seven dollars, and a tran-
script thereof filed in the proper office in Sacramento County
(where the land is situated), September 22, 1880.  Plaintiff
asserted that he had a lien on said land by reason of the at-
tachment and judgment, and had a right to have a sale
thereof, but was obstructed by the conveyance to Beckman,
and by the fact that he did not know the amount due on the
mortgage nor what part should be paid out of the homestead
and what part out of the land conveyed to Beckman.

Plaintiff prayed that all the lands be declared subject to
sale under his judgment, and that the Court cause the same
to be sold; that the conveyance to Beckman be set aside; and
that the amount of the claim of Clarke be determined, and
that Clarke, in seeking satisfaction for his claim, be required
to first exhaust the homestead property.  The defendants,
Beckman, J. V. Sims, and Mrs. J. V. Sims (his wife), demurred
separately, on the grounds, that the complaint did not state
facts sufficient to constitute a cause of action, that several
causes were improperly joined, specifying, and that there was
a misjoinder of parties defendant, also specifying.  The de-
murrers were overruled and the said parties answered.

The cause was submitted on the pleadings, and thereupon
the Court found and decreed that the plaintiff had a judg-
ment and attachment lien on the west twenty-five rods, but
that such lien was subject to the right of defendant Sims and
wife to have a homestead of five thousand dollars in value or
to have five thousand dollars out of the proceeds of a sale of
the homestead; that the mortgage to Clarke exists, as stated
in the complaint; that the conveyance to Beckman was in
consideration that Beckman agreed to pay off and discharge
all of said mortgage, and is liable for such payment when the
mortgage falls due; that the plaintiff is entitled to proceed
against the west twenty-five rods for the payment of the
judgment and attachment lien, subject to the homestead in-

terest, and is entitled to have the mortgage paid out of the lands conveyed to Beckman, if the same shall prove sufficient; and the Court decreed that the lands conveyed to Beckman be first applied to the satisfaction of the mortgage, and that the mortgagee, in proceeding to procure satisfaction of his mortgage, first sell the lands conveyed to Beckman before selling the other part, and if the lands so conveyed to Beckman be sufficient, that no other part be sold.

From the view we take of the case, we may omit the consideration of the points raised on demurrer, and consider the case as presented by the pleadings and decree. The allegations of the complaint as to want of consideration for the deed to Beckman, and as to fraud relating thereto, were denied in the answers; therefore, there being no evidence, those allegations are to be taken as not sustained. The new matter set up in the answers is to be taken as denied; therefore, such new matter is not foundation for anything in the decree. The case, then, remains with the deed to Beckman, executed upon a proper consideration, before any attempt by plaintiff to obtain a lien; and that removes the lands conveyed to Beckman from consideration in this case, and leaves the plaintiff without any ground for equitable relief. As to the premises covered by the declaration of homestead, the statutes of this State are direct and specific, and point out the measure and mode of relief.

"The homestead is exempt from execution or forced sale, *except as in this title provided.*" (C. C., § 1240.)

The section above quoted says, "except as in this title provided;" in no other way, therefore, except as in that title provided, can property which has been declared as a homestead, *no matter what may be its actual value,* be subject to execution or forced sale. The next question then, is, what is provided in the title referred to? Section 1245 of the Civil Code answers the question: "When an execution for the enforcement of a judgment, obtained in a case not within the classes enumerated in Section 1241, is levied upon the homestead, the judgment creditor may apply to the Superior Court of the county in which the homestead is situated, for the appointment of persons to appraise the value thereof;" and the sections following indicate the manner of applying, and how

relief may be obtained. The case at bar is not within those sections.

There is but one method of ascertaining whether the property claimed as a homestead is of a value exceeding five thousand dollars, and whether there be any surplus for creditors; and that method is clearly pointed out in the sections above referred to. Until such ascertainment, the property covered by the declaration is exempt from execution or forced sale. There is no lien of the judgment until the levy of an execution; and that levy creates no lien except for the purpose of, and as a foundation for, instituting and carrying on proceedings to have an appraisement and sale under the statute. Therefore, a creditor, believing the property declared as a homestead to be of greater value than five thousand dollars, should have his execution levied upon the property, as a foundation, and then proceed as indicated in Sections 1245, etc., *supra*.

Admitting, which we do not, that an attachement may be levied upon property which has been declared a homestead, no sale can be had except in the manner provided by the statutes above referred to.

The views above expressed are in harmony with the opinions given by this Court in *Gary* v. *Eastabrook*, 6 Cal. 457; *Ackley* v. *Chamberlain*, 16 Cal. 181; *McCracken* v. *Harris*, 54 Cal. 81.

Inasmuch as the conveyance to Beckman is a valid conveyance, and plaintiff has an ample remedy at law to enforce his judgment against the excess, if any, in value of the homestead beyond five thousand dollars (subject to the rights of the mortgagee), he has no standing in a Court of equity, and his bill should be dismissed.

The judgment is reversed and the cause is remanded, with instruction to render judgment for the defendants; such judgment, however, not to estop the plaintiff from instituting such proceedings under the sections of the Civil Code above referred to as he may be advised. In case of a valuation of more than five thousand dollars, and a sale of the surplus, possibly the purchaser may be entitled to have the property conveyed to Beckman, bear the burden of the mortgage, so far as it will; but that question is not for consideration here.

MCKINSTRY and ROSS, JJ., concurred.