[No. 13745. In Bank. — October 1, 1890.]

OLIVER SANDERS, APPELLANT, v. ELLA A. RUS-
SELL, ADMINISTRATRIX, ETC., RESPONDENT.

HOMESTEAD — COMMUNITY PROPERTY — SURVIVORSHIP — RETENTION OF
HOMESTEAD CHARACTER. — Community property duly dedicated as a
homestead, upon the death of one of the spouses, becomes the sole prop-
erty of the survivor, and is protected as such to the survivor in the same
manner as before it had been protected to the community by its home-
stead character.

ID. — LEVY OF EXECUTION — LIEN — APPLICATION OF EXCESS IN VALUE. —
Property impressed with the character of homestead, no matter what its
value, is exempt from seizure and forced sale, and a levy of execution
upon such property creates no lien, but simply creates a foundation for
proceedings under the statute for the ascertainment of the value of the
property covered by the declaration of homestead, and the procurement
of an order for the partition or sale thereof, and the application of the
excess to the satisfaction of the judgment.

ID. — JUDGMENT AGAINST DECEASED HUSBAND — PRESENTATION OF CLAIM
— APPRAISEMENT OF HOMESTEAD — ACTION TO ENFORCE LIEN. — It is
the duty of a judgment creditor, who has recovered a judgment against
the owner of a homestead declared upon common property, upon the death
of the judgment debtor, to present the judgment to the administratrix,
in like manner with any other claim; and if the judgment is not so pre-
sented as a claim, the judgment debtor acquires no existing lien upon the
property, and proceedings under section 1245 of the Civil Code, for the
appraisement and sale or partition of the homestead property and the ap-
plication of the excess over five thousand dollars to the satisfaction of the
judgment, cannot be maintained; nor can the judgment creditor, even
if possessing a lien, maintain an action for the purpose of enforcing it
against the homestead, without first presenting his judgment as a claim
against the estate of the judgment debtor.

APPEAL from a judgment of the Superior Court of
Sacramento County.

The facts are stated in the opinion of the court.

*Grove L. Johnson,* and *Albert M. Johnson,* for Appellant.

*A. P. Catlin,* and *Lincoln White,* for Respondent.

Fox, J. — Judgment went for defendant on demurrer
to the complaint. The only question on this appeal is,
whether the complaint states facts sufficient to entitle
the plaintiff to maintain the action. James and Mary

W. Lansing were husband and wife. The premises de-
scribed in the complaint were their community property,
duly dedicated as a homestead. James Lansing died,
when the premises became the sole property of Mary W.
Lansing by operation of law (Civ. Code, sec. 1265), and
was protected as such to the survivor in the same man-
ner as before it had been protected to the community by
its homestead character. (*Estate of Ackerman,* 80 Cal.
208; 13 Am. St. Rep. 116.) The death of the husband
did not in any manner alter the state or character of the
homestead (*Tyrrell* v. *Baldwin,* 78 Cal. 470), but upon
his death the property immediately vested in the sur-
viving wife. (*Mawson* v. *Mawson,* 50 Cal. 539; *Estate of
Headen,* 52 Cal. 295; *Gagliardo* v. *Dumont,* 54 Cal. 496;
*Herrold* v. *Reen,* 58 Cal. 443.) The property having
thus vested and being thus protected, this plaintiff, on
April 9, 1885, recovered a judgment against Mary W.
Lansing, for $5,238.75. September 30, 1885, he caused
execution to be issued and levied upon the property,
and duly returned with the levy indorsed thereon, and
the whole to be duly entered and recorded in the exe-
cution-book, in the office of the county clerk.

It is claimed that, at the time of this levy, the value
of the property was largely in excess of five thousand
dollars, and that, as to the excess, this created a lien
upon the property. But this claim is not tenable. Prop-
erty impressed with the character of homestead, no mat-
ter what its value, is exempt from seizure and forced
sale. There was no lien of the judgment, and the levy
created no lien, but simply created a foundation for pro-
ceedings under the statute (Civ. Code, secs. 1245 et seq.),
for the ascertainment of the value of the property cov-
ered by the declaration of homestead, and the procure-
ment of an order of court for the partition or sale
thereof, and the application of the excess to the satisfac-
tion of the judgment. (*Barrett* v. *Sims,* 59 Cal. 618, 619;
*Lubbock* v. *McMann,* 82 Cal. 230; 16 Am. St. Rep. 108.)

In October, 1885, plaintiff commenced proceedings under the statute referred to, to have an appraisement of the property, and secure an order for partition or sale, and application of the excess to the satisfaction of his judgment; but these proceedings were never prosecuted beyond having appraisers appointed. They never qualified or acted, and no further proceedings were taken in that action. In October, 1887, Mary W. Lansing died, and the present defendant was appointed her administratrix, qualified as such, and entered upon the discharge of her duties as such, in the administration of the estate.

Early in 1889 this action was commenced, which is substantially a proceeding under the same statute (Civ. Code, secs. 1245 et seq.), for the appraisement and sale or partition of the property, and the application of the excess above five thousand dollars to the satisfaction of his judgment. No claim was presented to the administratrix, and plaintiff claims that he was not required to present any, but that, having a lien upon the property, he was entitled to proceed, under section 1505 of the Code of Civil Procedure, directly to sale, were it not for the homestead, but that, the homestead intervening, his only remedy was to proceed as in this action, and it being to enforce a lien the law did not require the presentation of the claim to the administrator, he having waived in his complaint all claim against the estate for deficiency. But we have already seen that he had no lien. Even if he ever acquired one, either by judgment or levy, it expired before the institution of this proceeding. (*Bagley* v. *Ward*, 37 Cal. 121; 99 Am. Dec. 256; *Rogers* v. *Druffel*, 46 Cal. 654.) If the levy created a lien, it did not extend it beyond the lien of the judgment. (*Bagley* v. *Ward*, 37 Cal. 121; 99 Am. Dec. 256; *Rogers* v. *Druffel*, 46 Cal. 654; *Isaac* v. *Swift*, 10 Cal. 81; 70 Am. Dec. 698.) Plaintiff therefore had a judgment, without lien, and it was his duty to present the same to the administratrix, in like manner with any other claim.

(Code Civ. Proc., sec. 1505.) And even if his claim was in lien, and the property was a homestead, as he concedes it to have been, he was equally bound to present the claim for allowance against the estate. (Code Civ. Proc., sec. 1475; *Camp* v. *Grider*, 62 Cal. 20.) It follows that the complaint did not state facts sufficient to constitute a cause of action, and the judgment must be affirmed.

So ordered.

SHARPSTEIN, J., THORNTON, J., and McFARLAND, J., concurred.

PATERSON, J., concurred in the judgment.