[S. F. No. 3118.   Department One.—May 17, 1905.]

WALTER J. LEAN (substituted for Jedediah T. Hoyt), Respondent, v. J. A. GIVENS (substituted for Juliet H. Stark), Appellant.

HOMESTEAD—EXCESS IN VALUE—LEVY OF EXECUTION—PURCHASE SUBJECT TO LEVY.—The levy of an execution upon a homestead as land creates a lien thereupon conditionally, to the extent of any excess in value above the homestead exemption, which may by proper proceedings be determined to exist, which lien becomes absolute when such excess is determined; and any purchaser of the homestead premises after such levy takes subject to the rights of the judgment plaintiff to have the land sold upon such proceedings.

ID.—REPORT OF APPRAISERS AS TO SALE—POWER OF COURT—EX PARTE ORDER OF SALE.—In proper proceedings to have the homestead appraised, after the filing of the report of the appraisers showing an excess in value, and that the homestead cannot be divided, no notice of hearing of the report is required; and neither the court nor judge is given power to revise or set aside the decision of the appraisers as to the possibility of making a fair division. The statute in such case contemplates an order of sale to be made *ex parte* from an inspection of the report alone.

ID.—VALUE DETERMINED BY SALE.—The value of the property, in such case, is to be finally determined by exposing the property to sale; and if an excess of value is bid over the homestead exemption it conclusively proves that the value exceeds the exemption, and the excess is of right applicable on the debt.

ID.—DELAY AFTER LEVY OF EXECUTION—PENDENCY OF SUIT—ABANDON-MENT OF LEVY—REMEDY BY MOTION.—The delay of sixteen months after a levy of the execution, partly explained by the pendency of a suit to enjoin the sale, does not establish the fact that the execution levy was abandoned. If the subsequent delay was deemed unreasonable, the procedure should have been by motion in the superior court to have the levy vacated.

APPEAL from an order of the Superior Court of Santa Clara County directing a sale of lands claimed as a homestead after levy upon execution. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

A. H. Jarman, for Appellant.

Charles W. Davison, and J. H. Russell, for Respondent.

SHAW, J.—This is an appeal by the defendant from an order of the superior court in a proceeding under the provisions of sections 1245 to 1258, inclusive, of the Civil Code, directing the sale on execution of certain lands held by the judgment defendant as a homestead.

The judgment defendant, Juliet H. Stark, was not the head of a family, and consequently the amount of the homestead exemption was only one thousand dollars. The judgment was entered and docketed on October 23, 1899, and the homestead was selected prior to that date. The appraisement made in the proceeding showed the property comprising the homestead to be worth four thousand seven hundred dollars. The execution was levied on the property on November 4, 1899, and an attempt was made to sell, upon the claim that the homestead was invalid. This sale was enjoined and final judgment was made in the injunction suit on May 18, 1900, prohibiting the judgment-plaintiff from enforcing the levy otherwise than by proceedings under the Civil Code, sections 1245 to 1258, inclusive. On May 2, 1900, the judgment defendant sold and conveyed the land to the appellant, Givens, and on October 12, 1900, the judgment was assigned to the respondent, Walter

J. Lean. The petition for the appointment of appraisers under section 1245 of the Civil Code was not filed in the superior court of the county until March 5, 1901.

There is thus presented the question whether or not the levy of an execution on property described in a declaration of homestead which exceeds in value the amount of the homestead exemption creates any lien on the land so far as there is an excess over the homestead exemption.

We refer to the lien of the levy as distinct from the judgment lien, because in *Lubbock* v. *McMann,* 82 Cal. 230,[1] it appears to have been held that a judgment is not a lien on any part, either in extent or value, of the homestead premises, even in cases where there is an excess in value above the homestead exemption. This is contrary to the rule in other states in which the extent of the exemption of the homestead is measured by a certain limited value. (See note in 34 Am. St. Rep. 505.) In several other cases in this state, where the fact of there being an excess in value was not apparent, the court has stated in general terms that a judgment is not a lien upon property embraced in a valid declaration of homestead. (*Dam* v. *Zink,* 112 Cal. 92; *Sanders* v. *Russell,* 86 Cal. 120;[2] *Barrett* v. *Sims,* 59 Cal. 615; *Bowman* v. *Norton,* 16 Cal. 221; *Ackley* v. *Chamberlain,* 16 Cal. 181[3]).

Conceding, for the purposes of this case, that the judgment is not even a provisional or conditional lien on the possible excess in value, we are of the opinion that the levy of an execution on the property establishes a lien thereon to the extent of the excess over the homestead exemption which may ultimately, by proper proceedings under the Civil Code, be determined to exist, and that the substituted defendant, Givens, having purchased after the levy, took the land subject to the right of the judgment plaintiff to have it sold upon such proceedings.

The rule at common law was, that an execution was a lien on personal property from the time of its issuance, although there was no levy (2 Freeman on Executions, secs. 199, 200). But at common law neither a judgment nor an execution was a lien on land, and the method of applying the land of the judgment debtor to the satisfaction of a judgment was by means of

---

[1] 16 Am. St. Rep. 108.          [3] 76 Am. Dec. 516.

[2] 21 Am. St. Rep. 26, and note.

a writ of *elegit,* whereby the officer, after exhausting the personal property, could seize the land and apply the rents and profits of one half thereof upon the writ. (3 Freeman on Executions, sec. 370.) The common law is in force in this state except as modified by statute, or the constitution. (Pol. Code, sec. 4468.) It has been so far modified by the code that the only means of enforcing a judgment for money is by writ of execution (Code Civ. Proc., secs! 681, 683), and that land may be taken on the execution as well as personal property. (Code Civ. Proc., sec. 688.) It is also provided that the real estate of a judgment debtor is "liable to execution," and "may be attached on execution" in the same manner as upon a writ of attachment, but it is not affected by the execution until there is a levy. (Ibid.) The effect of these provisions, in connection with the common law in force, is to enlarge the execution, by making it enforceable against land, and to make it, when levied, a lien or charge on the land. Where the judgment is a lien on the land there is no real necessity for a formal levy, as it adds nothing to the effect of the sale on execution. (*Lehnhardt* v. *Jennings,* 119 Cal. 195.) But where the judgment is not a lien, the property is not taken on execution until there is a levy, and the lien does not begin until that act is done. (*Summerville* v. *Stockton M. Co.,* 142 Cal. 540.) The levy of an execution is made in the same manner as upon an attachment (Code Civ. Proc., sec. 688),—that is, by filing with the county recorder a copy of the writ with a notice that the land, describing it, is attached, and serving a similar notice on the occupant. (Code Civ. Proc., sec. 542.) The purpose of a lien is to cut off rights of third persons which might otherwise accrue between the time of levy and the time of sale. The filing of the notice in the office of the recorder is clearly for no other purpose than to give notice to third persons of the prior charge. Section 537 of the Code of Civil Procedure declares that the plaintiff in an action may "have the property of the defendant *attached,* as security for the satisfaction of any judgment that may be recovered," and section 688 provides that land and other property "may be *attached* on execution, in like manner as upon writs of attachment." Considering the effect of all these provisions, we think it is clearly shown that the levy of an execution upon land, where the judgment is not a lien,

creates a lien on the land from that date, which will charge whatever interest in the land is, or may be made to be, subject to the execution, including the excess in value of homestead property over the homestead exemption. That a levy creates a lien on land where none exists by the judgment has always been assumed by this court, and it is generally understood in the profession to have that effect. (See *Blood* v. *Light*, 38 Cal. 657;[1] *Beaton* v. *Reid*, 111 Cal. 486; *Summerville* v. *Stockton M. Co.*, 142 Cal. 540; *Lehnhardt* v. *Jennings*, 119 Cal. 195.)

Section 1240 of the Civil Code in effect declares that the excess in value of the homestead property, over and above the exemption allowed, is subject to execution in the manner provided in the subsequent sections of that chapter. Sections 1245 to 1261 provide a plan whereby this excess may be subjected to sale on the execution, where the homestead antedates the judgment. The levy on the property covered by the homestead declaration must be made as the first step in the proceeding to subject the excess to the payment of the judgment. (Civ. Code, sec. 1245.) We conclude that by this levy a lien is imposed on the property conditionally, to become absolute in the event that it is determined in the proceeding that an excess exists, and that a purchaser after the levy takes subject to the lien.

The statement in *Sanders* v. *Russell*, 86 Cal. 120,[2] that "a levy creates no lien," is qualified by the subsequent language of the opinion, and, when taken in connection with the facts involved, must be understood to mean that it does not create a lien that will continue after the lien of the judgment would have expired, nor a lien which can exist independent of proceedings under the Civil Code to enforce it.

The appellant contends that the proceeding was irregular because there was no time fixed for a hearing upon the report of the appraisers, and the order of sale was made without any notice other than the original notice of the time and place of hearing the petition. The code does not require any notice or hearing after the report of the appraisers is filed. It seems to contemplate that the order for a sale, where the report is that the land cannot be divided, or for a partition, if it is divisible, is to be made by the court, *ex parte*, from an in-

---

[1] 99 Am. Dec. 441.        [2] 21 Am. St. Rep. 26, and note.

spection of the report alone. Section 1254 provides that "If, *from the report,* it appears to the judge that the land claimed exceeds in value the amount of the homestead exemption, and that it cannot be divided, he must make an order directing its sale under the execution." In the case at bar, the court finds that the claimant is not the head of a family, and hence her right to a homestead is entirely of statutory creation, and is subject to the statutory conditions with respect to its sale on execution. As the statute does not require notice of the hearing of the report of appraisers, and the homestead exemption is purely a statutory right limited by statutory conditions, the courts cannot impose restrictions upon the right of the creditor to enforce a sale in addition to those imposed by statute. There can be no occasion for further orders of the court or judge in the matter in cases like the present where the report is that the property cannot be divided. The value is finally determined by exposing the property to sale. If a bid is not made in excess of the amount of the exemption the proceedings are ended. If a larger amount is offered it conclusively proves that the value exceeds the exemption, and in that event the excess is of right applicable on the debt, and the claimant has no just cause to complain. His homestead exemption was from the beginning subject to the contingency which has happened, and his valuation of the property is, by the statute which gives him the exemption, made subject to revision by appraisers appointed upon the petition of a judgment debtor.

It may be that where the report is, that a division can be made and the excess set off for sale there should be further proceedings, hearings, and notices for the purpose of securing the right to a just division, as was held in *Brown* v. *Starr,* 75 Cal. 164. That, however, was a homestead of the head of a family. In any case, however, we perceive no good reason for holding that further notices must be given where the appraisers report that the property cannot be divided. Neither the court nor the judge is given power to revise or set aside the decision of the appraisers as to the possibility of making a fair division. The remarks in *Stone* v. *McCann,* 79 Cal. 462, with respect to further notice upon the hearing of the report of the appraisers, is merely a part of the argument upon another question, and the subject-matter of the notices was not before the court. It is not to be considered as

authority, at least with regard to a homestead claim by one not the head of a family.

With respect to the delay of sixteen months after the levy before the institution of the proceeding under the Civil Code to obtain a sale on execution in pursuance of the levy, it is sufficient to say that it does not establish the fact that the execution levy was abandoned. Part of the delay is explained by the pendency of a suit to enjoin the sale. If the defendant believed the subsequent delay unreasonable, and had good cause for such belief, she should have proceeded in the superior court by motion to have the levy vacated, and her grantee was entitled to the same remedy.

The order is affirmed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.