[Sac. No. 1871.   Department One.—June 27, 1911.]

M. H. B. BOGGS, Individually and as Executrix of the Will
of W. L. Smith, Deceased, Appellant, v. R. G. DUNN,
Respondent.

JUDGMENT LIEN CREATED BY STATUTE.—The lien of a judgment is purely
the creature of the statute, no such lien having existed at common
law.

ID.—EXTENT OF LIEN—DOES NOT ATTACH TO PROPERTY COVERED BY
HOMESTEAD.—Sections 671 and 674 of the Code of Civil Procedure
make the judgment a lien only on "real property . . . not exempt
from execution." Property covered by a valid declaration of home-
stead is, regardless of its value, not within this class of property
either in whole or in part.

ID.—EXCESS ABOVE STATUTORY HOMESTEAD VALUATION—JUDGMENT NOT
A LIEN ON EXCESS—EXECUTION TO REACH EXCESS.—While the ex-
cess above the statutory homestead valuation may be reached by a
judgment creditor by proceedings under section 1245 et seq. of the
Civil Code, there is no judgment lien as to such excess, and the judg-
ment creditor's right to subject such excess to the satisfaction of
his judgment is initiated by and finds its sole basis in the levy of
execution provided for by section 1245 of the Civil Code. This rule
is too firmly established in this state to be departed from.

ID.—JUDGMENT—DISCHARGED BY DISCHARGE IN BANKRUPTCY.—A judg-
ment for money, not being a lien on land of the judgment debtor
embraced within a homestead irrespective of its valuation, is dis-
charged as to it by the discharge of the judgment debtor in bank-
ruptcy subsequent to the docketing of the judgment.

ID.—NO VESTED RIGHT TO REMEDY TO REACH EXCESS.—The judgment
creditor, merely by reason of the docketing of his judgment, did not
acquire a vested right to the remedy afforded by section 1245 et seq.
of the Civil Code, of reaching the excess above the statutory valua-
tion of the homestead.

APPEAL from an order of the Superior Court of Shasta
County quashing an execution and staying the execution of a
judgment.  J. E. Barber, Judge.

The facts are stated in the opinion of the court.

Herzinger & Herzinger, and Wm. H. H. Hart, for Appellant.

Charles H. Braynard, William A. Kelly, and Braynard &
Kimball, for Respondent.

ANGELLOTTI, J.—On November 27, 1888, defendant being the owner of and residing with his wife and children on lots three and four of block two, Breslauer's addition to the city of Redding, county of Shasta, duly selected such property as a homestead, in accord with the laws of this state, and ever since such date he and his wife have continued to reside on such property. The homestead so selected has never been abandoned.

On October 29, 1904, plaintiff recovered a judgment in this action, in the superior court of Shasta County, for $966, and $8.75 costs of suit, and on November 1, 1904, this judgment was duly docketed in the office of the clerk of said Shasta County. The claim of plaintiff thus reduced to judgment was not of such a character as to except the judgment from the effect of a discharge in bankruptcy under section 17 of the Bankruptcy Act. No appeal was taken from this judgment. No part of the judgment has ever been paid.

On March 15, 1906, defendant was adjudged a bankrupt under the United States Bankruptcy Act, and on January 23, 1907, by decree of the United States district court in and for the northern district of California, he was duly and regularly discharged from all debts and claims made provable by said act against his estate and which existed on the fifteenth day of March, 1906, excepting only such debts as are by law exempted from the operation of a discharge in bankruptcy.

On October 28, 1909, the execution in question was issued on the judgment of October 29, 1904, and levied on the property described in defendant's homestead declaration.

On November 17, 1909, plaintiff filed in the superior court her petition alleging that the value of such property exceeds the amount of five thousand dollars, and is, in fact, eight thousand dollars, and asked that appraisers be appointed to appraise the same, with a view to the enforcement of the judgment against the property in so far as it exceeded five thousand dollars in value.

The superior court having fixed a time for the hearing of such petition, defendant on November 29, 1909, made his motion to recall, quash, and set aside the execution and to perpetually stay execution of such judgment, and on April 29, 1910, the superior court made its order granting such motion.

This is an appeal by plaintiff from such order.

It is not questioned that plaintiff's claim against defendant, evidenced by this judgment, was provable in the bankruptcy proceedings, or that the effect of the discharge granted to defendant in such proceeding was to bar enforcement of the judgment so far as any personal liability is concerned. Plaintiff claims that, by reason of her docketed judgment, she had a judgment lien on defendant's land, which may be enforced under section 1245 et seq. of the Civil Code against the homestead of defendant, to the extent that the same exceeds five thousand dollars in value, notwithstanding the discharge in bankruptcy.

The lien of a judgment is purely the creature of the statute, no such lien having existed at common law (*Ackley* v. *Chamberlain,* 16 Cal. 181, [76 Am. Dec. 516]; *Lean* v. *Givens,* 146 Cal. 741, [106 Am. St. Rep. 79, 81 Pac. 128].) Our statute provides that from the time a superior court judgment is docketed by the clerk, "it becomes a lien upon all the real property of the judgment debtor *not exempt from execution* in the county, owned by him at the time, or which he may afterward acquire, until the lien ceases," and that such lien continues for five years, unless the enforcement of the judgment be stayed on appeal by the execution of a sufficient undertaking, in which case it ceases. (Code Civ. Proc., sec. 671.) The lien may be created as to real property not exempt from execution situate in another county, by filing a transcript of said docket in such county, being limited therein, however, to two years from the filing. (Code Civ. Proc., sec. 674.)

We will pass without discussion a question not suggested by the briefs, viz., whether, assuming that plaintiff had a judgment lien as to this property, such lien did not wholly cease at the expiration of five years from the date on which the judgment was docketed, (November 1, 1904), notwithstanding the levy of execution on October 28, 1909 (see *Bagley* v. *Ward,* 37 Cal. 121, [99 Am. Dec. 256]), thus leaving plaintiff's judgment a mere personal judgment, unsecured by any lien.

It is to be borne in mind that sections 671 and 674 of the Code of Civil Procedure make the judgment a lien only on "real property . . . not exempt from execution." Under our decisions, property covered by a valid declaration of homestead is, regardless of its value, not within this class of prop-

erty either in whole or in part. While the excess above the statutory homestead valuation may be reached by a judgment creditor by proceedings under section 1245 et seq. of the Civil Code, there is no judgment lien as to such excess, and the judgment creditor's right to subject such excess to the satisfaction of his judgment is initiated by and finds its sole basis in the levy of execution provided for by section 1245 of the Civil Code, it being held in *Lean* v. *Givens,* 146 Cal. 739, [106 Am. St. Rep. 79, 81 Pac. 128], that such levy establishes the lien for the purpose of such proceedings. This rule is not in accord with that adopted in some other states, where it is held that the excess above the statutory exemption is subject to the lien of a judgment against the homestead debtor. In his note to *Vanstory* v. *Thornton,* 34 Am. St. Rep. 505, Mr. Freeman discusses this question, strongly upholding the latter view, but says at the end of his note: "In California, a rule exactly contrary to that maintained in a majority of the states is firmly established. This rule is stated in *Sanders* v. *Russell,* 86 Cal. 119, 21 Am. St. Rep. 26, [24 Pac. 852], that though a homestead is in value largely in excess of the amount allowed by law, the docketing of a judgment against the homestead owner, and the levy of an execution under such judgment upon the homestead, does not create any lien. The operation of the levy of such execution simply serves as a foundation for statutory proceedings for the ascertainment of the value of the property covered by the declaration of homestead and the procurement of an order of court for the partition and sale thereof, and the application of the excess to the satisfaction of the judgment. The same doctrine is announced in *Barrett* v. *Sims,* 59 Cal. 615, 618, and in *Lubbock* v. *McMann,* 82 Cal. 226, 16 Am. St. Rep. 108, [22 Pac. 1145].

In *Barrett* v. *Sims,* 59 Cal. 615, the judgment creditor sought by action to enforce his judgment against homestead property, on the theory that he had a lien thereon for the excess over five thousand dollars, by virtue of a transcript of the judgment filed in the county where the land was situated. This court said: "Until such ascertainment (the ascertainment of value had in the manner provided by section 1245 et seq., Civ. Code), the property covered by the declaration is exempt from execution or forced sale. There is no lien of

the judgment until the levy of an execution; and that levy creates no lien except for the purpose of, and as a foundation for, instituting and carrying on proceedings to have an appraisement and sale under the statute." In *Lubbock* v. *McMann,* 82 Cal. 226, [16 Am. St. Rep. 108, 22 Pac. 1145], this court said as to property covered by a valid homestead declaration: "A judgment creates no lien upon property thus affected, and a levy gives no right, except to inaugurate the proceedings for the admeasurement of such excess," citing *Barrett* v. *Sims,* 62 Cal. 440. In *Sanders* v. *Russell,* 86 Cal. 119, [21 Am. St. Rep. 26, 24 Pac. 852], among the questions involved, the question whether a docketed judgment constitutes a lien as to the excess over five thousand dollars was squarely presented, and this court said: "Property impressed with the character of homestead, no matter what its value, is exempt from seizure and forced sale. There was no lien of the judgment, and the levy created no lien, but simply created a foundation for proceedings under the statute (Civ. Code, sec. 1245 et seq.), for the ascertainment of the value of the property covered by the declaration of homestead, and the procurement of an order of court for the partition or sale thereof, and the application of the excess to the satisfaction of the judgment," citing *Barrett* v. *Sims,* 62 Cal. 440, and *Lubbock* v. *McMann,* 82 Cal. 226, [16 Am. St. Rep. 108, 22 Pac. 1145]. In *Lean* v. *Givens,* 146 Cal. 739, [106 Am. St. Rep. 79, 81 Pac. 128], it was expressly recognized that the effect of the prior decisions is that a judgment constitutes no lien in such a case.

So that whatever might be our views if the question were a new one in this court, it is clear that the rule above set forth is too firmly established to be departed from. The question is of such a nature that the rule of *stare decisis* must be held to apply. What is said in *Schoonover* v. *Birnbaum,* 148 Cal. 548, [83 Pac. 999], on this point is applicable here. It may properly be noted, however, that the supreme court of Montana has reached the same conclusion as this court, on similar statutes, as to the non-existence of a judgment lien, in such a case. (*Vincent* v. *Vineyard,* 24 Mont. 207, 216, [81 Am. St. Rep. 423, 61 Pac. 131].)

It necessarily follows that at the date of the discharge in bankruptcy plaintiff's judgment did not constitute a lien on

the property embraced in defendant's homestead declaration, but was merely a personal liability which was released by the discharge. (See Loveland on Bankruptcy, sec. 285.) There is no force in the claim made by learned counsel for plaintiff that, by reason of the docketing of the judgment, plaintiff had a vested right to the remedy afforded by section 1245 et seq. of the Civil Code, which was not affected by the discharge in bankruptcy. No proceeding under those sections had been initiated at the time of the discharge in bankruptcy, and until the initiation of such a proceeding, certainly, plaintiff, in view of what we have said, had no existing claim of any kind against the homestead property. She was simply a judgment creditor, whose judgment was not a lien, and a taking by levy of execution for the purposes of the proceeding given by section 1245 et seq. of the Civil Code, was essential to the creation of any lien. (See *Lean* v. *Givens,* 146 Cal. 739, [106 Am. St. Rep. 79, 81 Pac. 128].) Until the initiation of such a proceeding, the judgment was in no way secured by any kind of lien, so far as the homestead property was concerned, amounting, as we have said, to merely a personal liability, and the effect of the discharge was necessarily to bar any proceeding to enforce it.

The order appealed from is affirmed.

Sloss, J., and Shaw, J., concurred.