[S. F. No. 13586. In Bank.—December 2, 1929.]

CHARLES MARELLI, Appellant, v. JOHN J. KEATING, etc., et al., Respondents.

Thomas P. Boyd for Appellant.

Marcus D. Wolff for Respondents.

SEAWELL, J.—Plaintiff, Charles Marelli, appeals from a decree of the Superior Court of the county of Marin dissolving an injunction restraining the sheriff of said county until the further order of the court from selling certain real property claimed by plaintiff upon which said sheriff had levied execution. The execution was levied and the said property advertised for sale to satisfy a judgment in favor of Henry Heide, defendant in this injunction suit, and against plaintiff's grantor. Plaintiff's grantor at the time of the conveyance was his wife, the parties having intermarried after the institution of the action in which the wife, then Jennie Marquard, was a defendant. The conveyance to plaintiff, which is not attacked on the ground of fraud, was made after a writ of attachment had been levied on said property, but prior to the rendition of the judgment. Several years previous to the institution of the action said Jennie Marquard, a widow and the head of a family, had filed a declaration of homestead covering the real property in suit. It is by virtue of this declaration that plaintiff claims the property conveyed to him was exempt from forced sale and that the court below was in error in not perpetually restraining a sale by the sheriff.

The defendants filed an answer after the court had granted the injunction restraining the sale until its further order. They alleged therein that the value of the property was approximately $24,000, and, therefore, greatly exceeded the maximum homestead exemption of $5,000, and further set forth that they had taken the required statutory steps to subject the excess to forced sale under the provisions of sections 1245–1259 of the Civil Code. After a hearing held following the filing of said answer, at which it appeared that the appraisers appointed in the statutory proceeding had reported said property to be of a value of $24,000, the court made the order dissolving the injunction from which this appeal is taken.

The judgment in the action was not rendered or the execution issued until after the property had been transferred by the homestead claimant to the plaintiff. This being so, the execution levy was unauthorized and the owner entitled to enjoin the sale unless the attachment, levied before the transfer, was effectual to secure to the judgment creditor the right to hold the excess after the ownership of the property had passed from the judgment debtor.

■ Plaintiff has contended that homestead property, whatever its value, is not subject to attachment. We cannot accede to this view. By the terms of section 541 of the Code of Civil Procedure, all property of the defendant not exempt from execution may be attached. Section 1240 of the Civil Code provides that homesteaded property is exempt from execution or forced sale except as in the subsequent sections of that chapter provided. Sections 1245–1259 of the Civil Code authorize a levy of execution upon homesteaded property exceeding $5,000 in value and a court order "directing its sale under execution" upon a compliance with the procedure prescribed by said sections. The excess value over the homestead exemption is subject to execution and forced sale, the difference being that in such cases certain additional requirements must be followed before the excess may be applied to the satisfaction of the judgment. ■ The levy of the writ of execution is a necessary step in the proceedings in order to subject the excess to the satisfaction of the judgment and is effectual to create a lien upon the property which is valid against third persons to whom the judgment debtor may convey the property. (*Lean* v. *Givens,*

146 Cal. 739 [106 Am. St. Rep. 79, 81 Pac. 128]; *Martin* v. *Hildebrand*, 190 Cal. 369 [212 Pac. 618].) ▮ Property cannot be said to be exempt from, or not liable to, execution where the execution levy is a necessary step to secure or preserve to the judgment creditor valuable rights, and not being exempt from execution it is, by the terms of section 541 of the Code of Civil Procedure, subject to attachment.

▮ The object of the homestead law is to protect the homesteader and those dependent upon him or her in the enjoyment of a domicile not exceeding $5,000 in value, and to this end a liberal construction of the law and facts will be indulged by courts. When this object has been accomplished courts will not suffer this salutary statute to be used as a shield behind which those who would deal unjustly with creditors may find refuge.

We are not compelled to reach a contrary conclusion by the decisions in such cases as *Boggs* v. *Dunn*, 160 Cal. 283 [116 Pac. 743], wherein it was held in construing section 671 of the Code of Civil Procedure, which then provided that a judgment from the time it is docketed becomes a lien "upon all the real property of the judgment debtor not exempt from execution" owned by him or which he may afterward acquire until the lien ceases, that a judgment does not become a lien upon homesteaded property, whatever its value.

▮ Marelli took title subject to the right of the judgment creditor to reach the excess through the proceedings provided for in sections 1245–1259 of the Civil Code, and was charged with notice of the rights of the attaching creditor as to the excess. Defendant Heide, as judgment creditor, has followed the procedure in said sections provided. The court, therefore, did not err in dissolving the injunction and authorizing the sale of the property.

Judgment affirmed.

Richards, J., Shenk, J., Curtis, J., Preston, J., Waste, C. J., and Langdon, J., concurred.