[Civ. No. 39270. First Dist., Div. Two. Feb. 28, 1977.]

RALPH W. SWEARINGEN, Plaintiff and Appellant, v.
PAUL S. BYRNE et al., Defendants and Respondents.

## COUNSEL

Phillips, Cohn & Greenberg and Gerald A. Cohn for Plaintiff and Appellant.

Zang, Friedman & Damir and Robert E. Zang for Defendants and Respondents.

## OPINION

**BRAY, J.**[*]—Plaintiff and appellant Ralph W. Swearingen, doing business as Virtual Memory Systems, appeals from a judgment of the Superior Court of San Mateo County entered after demurrer was sustained without leave to amend.

### ISSUES PRESENTED

1) The recorded judgment is not a lien on the homesteaded property or on any surplus value therein over and above the statutory exemption.

2) Plaintiff has no right to have execution levied against the excess value over the homestead exemption.

### RECORD

Appellant Ralph W. Swearingen (hereinafter plaintiff) filed a complaint to foreclose a judgment lien on certain real property in San Mateo County which had been determined to be homestead exempt property. Mary Nicholson, as a named defendant and as executrix of the estate of Rex L. Nicholson, demurred to the complaint on the ground that the complaint did not state a cause of action; that the complaint and the undisputed facts show that plaintiff has no judgment or other lien on the subject property and has not followed the procedure set out in sections 1245-1259 of the Civil Code for levy of execution upon a homestead. The trial court sustained the demurrer without leave to amend on the ground that plaintiff has no judgment or other lien on the property. Thereafter a judgment dismissing the action was duly entered.

---

[*]Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

## Statement of Facts

For the purpose of resolving the issues presented by the demurrer, the parties stipulated to the following facts: On August 9, 1967, Paul S. Byrne and his wife, Martha Byrne, acquired title as joint tenants of real property commonly known as 127 Almendral Avenue, Atherton, California. On October 18, 1973, Paul and Martha Byrne executed and acknowledged a declaration of homestead covering the subject property under the provisions of section 1262 of the Civil Code. The homestead declaration was recorded on October 19, 1973. On May 15, 1974, a deed of trust was executed by Paul Byrne and Martha Byrne to secure payment of $67,550 in favor of Rex L. Nicholson and Mary Nicholson naming the Bank of America, National Trust and Savings Association, as trustee (hereinafter the Nicholson deed of trust). The Nicholson deed of trust contained an agreement for subordination of its lien to the homestead declaration. On May 24, 1974, in the Superior Court of Contra Costa County a judgment was entered in favor of plaintiff and against defendant Paul S. Byrne in the sum of $7,354.54, plus interest and costs. On June 3, 1974, the judgment, or an abstract thereof, was recorded in the office of the County Recorder of San Mateo County. On June 5, 1974, the Nicholson deed of trust was recorded. On November 21, 1974, Rex Nicholson died and Mary Nicholson was appointed executrix of his estate. The Nicholson deed of trust is an asset subject to administration in said estate. On December 6, 1974, Paul and Martha Byrne were each adjudicated a bankrupt. On March 4, 1975, the real property under consideration was set apart under the Bankruptcy Act as exempt property. No writ of execution was ever issued under the judgment prior to the adjudication of Paul and Martha Byrne as bankrupts nor were any proceedings commenced prior to such adjudication to reach the excess value of the homestead under sections 1245-1259 of the Civil Code.

1)   ▮▮▮   *The recorded judgment is not a lien on the homesteaded property or on any surplus value therein over and above the statutory exemption.*

Plaintiff argues that a judgment recorded pursuant to section 674[1] of the Code of Civil Procedure is a lien upon any surplus value in the

---

[1]Section 674 of the Code of Civil Procedure provides in pertinent part: "(a) An abstract of the judgment or decree of any court of this state . . . may be recorded with the recorder of any county and from such recording the judgment or decree becomes a lien upon all the real property of the judgment debtor, not exempt from execution, in such

homesteaded property over and above the statutory exemption contained in section 1260[2] of the Civil Code.

Article XVII, section 1, of the California Constitution provides: "The Legislature shall protect, by law, from forced sale a certain portion of the homestead and other property of all heads of families." The Legislature has enacted comprehensive statutes to carry out the constitutional mandate. (Civ. Code, §§ 1257-1304.) ■ "The broad purpose of the homestead laws is to promote the security of the home, and to place such property beyond the reach of the consequences of the home owner's economic misfortune." (*Schoenfeld* v. *Norberg* (1968) 267 Cal.App.2d 496, 498 [72 Cal.Rptr. 924].)

Section 674 of the Code of Civil Procedure provides that a judgment is a lien only on such real property as is not exempt from execution. The Legislature has declared that homesteads are exempt from execution (Civ. Code, § 1240) except where (1) the creditor's judgment has been obtained before the homestead was recorded; (2) the debt is secured by the liens of artisans, materialmen, laborers and persons of like class; (3) "debts secured by encumbrances on the premises executed and acknowledged by husband and wife, by a claimant of a married person's separate homestead, or by an unmarried claimant"; or (4) the debt is secured by an encumbrance on the premises which was recorded before the homestead. (Civ. Code, § 1241.) None of the exceptions apply to the judgment in this case. The judgment was obtained after the homestead declaration was recorded. ■ It is well established in California that a judgment lien does not attach to property subject to a prior homestead declaration. (*Yager* v. *Yager* (1936) 7 Cal.2d 213, 216-217 [60 P.2d 422, 106 A.L.R. 664]; *Wilson* v. *Madison* (1881) 58 Cal. 1; *Putnam Sand & Gravel Co.* v. *Albers* (1971) 14 Cal.App.3d 722, 725 [92 Cal.Rptr. 636]; *Clausseneus* v. *Anderson* (1963) 216 Cal.App.2d 171, 174-175 [30 Cal.Rptr. 772]; *Parker* v. *Riddell* (1940) 41 Cal.App.2d 908, 914 [108 P.2d 88].)

In *Thomas* v. *Speck* (1941) 47 Cal.App.2d 512, 519 [118 P.2d 365], the court made it clear that a judgment recorded after a homestead

county, owned by him at the time, or which he may afterward and before the lien expires, acquire."

[2]Section 1260 of the Civil Code provides in part: "Homesteads may be selected and claimed: [¶] 1. By any head of a family, of not exceeding twenty thousand dollars ($20,000) in actual cash value, over and above all liens and encumbrances on the property at the time of any levy of execution thereon."

declaration is not a lien on the homesteaded property *or any surplus value therein* over and above the statutory exemption, regardless of the value of the property. One of the cases cited by the *Thomas* court to support this principle was *Boggs* v. *Dunn* (1911) 160 Cal. 283 [116 P. 743].

The fact situation presented in *Boggs* is similar to the fact situation found in the instant case. Defendant in *Boggs* homesteaded certain real property and thereafter the plaintiff obtained a judgment against defendant. (*Boggs* v. *Dunn, supra,* 160 Cal. 283.) Plaintiff recorded the judgment. Defendant was then adjudicated a bankrupt. Plaintiff then brought an action seeking to reach the excess value in the homesteaded property over and above the homestead exemption. The court in *Boggs* noted that under California law that a recorded judgment is only a lien on " 'real property . . . not exempt from execution.' Under our decisions, property covered by a valid declaration of homestead is, regardless of its value, not within this class of property either in whole or in part. While the excess above the statutory homestead valuation may be reached by a judgment creditor by proceedings under section 1245 et seq. of the Civil Code, there is no judgment lien as to such excess, and the judgment creditor's right to subject such excess to the satisfaction of his judgment is initiated by and finds its sole basis in the levy of execution provided for by section 1245 of the Civil Code, it being held in *Lean* v. *Givens,* 146 Cal. 739 [106 Am.St.Rep. 79, 81 Pac. 128], that such levy establishes the lien for the purpose of such proceedings." (*Id.,* at pp. 285-286.)

Plaintiff recognizes the rule as stated in *Thomas* and *Boggs* but urges that the rule is based on a failure of the courts to properly distinguish between homesteaded property and exempt property. Plaintiff asserts that homesteaded property is only exempt from forcible sale up to the amount of the statutory exemption and therefore section 674 of the Code of Civil Procedure creates a judgment lien on the excess value over the statutory exemption for homesteaded property. While the procedure suggested by plaintiff would be a method for reaching the excess value over the statutory exemption for homesteads, the California Legislature has provided a different method which is the only manner by which it may be reached. (Civ. Code, § 1245; *Viotti* v. *Giomi* (1964) 230 Cal.App.2d 730, 737 [41 Cal.Rptr. 345].)

Therefore, it is clear that plaintiff had no judgment lien against the homesteaded property when he brought this action to foreclose a judgment lien as California law provides that homesteaded property is

exempt from execution and California has decided not to allow a judgment lien on any part of property which has been homesteaded.

2) *Plaintiff has no right to have execution levied against the excess value over the homestead exemption.*

Plaintiff requests that this court remand the action to the lower court to have the excess value of the homesteaded property above the statutory exemption appraised as provided in sections 1245-1259 of the Civil Code.

As noted above, the lien of a judgment does not attach to any part of the homestead premises, regardless of their value. However, a levy of execution creates a lien on any excess value of the property over the maximum homestead exemption. (*Marelli* v. *Keating* (1929) 208 Cal. 528, 530 [282 P.2d 793].) In *Lean* v. *Givens* (1905) 146 Cal. 739, 741 [81 P. 128], the court noted the different effects on homesteaded premises from a judgment and from a levy of execution as follows: "We refer to the lien of the levy as distinct from the judgment lien, because in *Lubbock* v. *McMann*, 82 Cal. 226, 230, it appears to have been held that a judgment is not a lien on any part, either in extent or value, of the homestead premises, even in cases where there is an excess in value above the homestead exemption. This is contrary to the rule in other states in which the extent of the exemption of the homestead is measured by a certain limited value. (See note in 34 Am.St.Rep. 505.) In several other cases in this state, where the fact of there being an excess in value was not apparent, the court has stated in general terms that a judgment is not a lien upon property embraced in a valid declaration of homestead. (*Dam* v. *Zink*, 112 Cal. 91 [44 P. 331]; *Sanders* v. *Russell*, 86 Cal. 119 [24 P. 852]; *Barrett* v. *Sims*, 59 Cal. 615; *Bowman* v. *Norton*, 16 Cal. 213; *Ackley* v. *Chamberlain*, 16 Cal. 181.)

"Conceding, for the purposes of this case, that the judgment is not even a provisional or conditional lien on the possible excess in value, we are of the opinion that the levy of an execution on the property establishes a lien thereon to the extent of the excess over the homestead exemption which may ultimately, by proper proceedings under the Civil Code, be determined to exist, and that the substituted defendant, Givens, having purchased after the levy, took the land subject to the right of the judgment plaintiff to have it sold upon such proceedings."

Plaintiff in the instant case did not obtain a writ of execution or comply with section 1245 of the Civil Code which, as noted above, is the only procedure whereby a lien may attach to the excess value of property over the homestead exemption.[3] Accordingly, until the levy of an execution on homesteaded property a judgment is not secured by any kind of lien thereon but amounts to only a personal liability. (*Boggs* v. *Dunn, supra,* 160 Cal. 283, 287-288.) Since at the time Paul Byrne was adjudicated a bankrupt the judgment was not a lien but was merely a personal liability, it was discharged in the bankruptcy proceedings.[4]

Thus, the lower court properly sustained the demurrer without leave to amend.

Judgment affirmed.

Taylor, P. J., and Rouse, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 28, 1977.

---

[3]Section 1245 of the Civil Code provides: "When an execution for the enforcement of a judgment obtained in a case not within the classes enumerated in section 1241 is levied upon the homestead, the judgment creditor may *at any time within sixty days thereafter* apply to the superior court of the county in which the homestead is situated for the appointment of persons to appraise the value thereof, *and if such application shall not be made within sixty days after the levy of such execution the lien of the execution shall cease at the expiration of said period,* and no execution based upon the same judgment shall thereafter be levied upon the homestead." (Italics added.)

[4]Plaintiff does not dispute that the debt and judgment were discharged in bankruptcy if the judgment is not regarded as a lien on the homesteaded property.