[Civ. No. 4544.   Second Appellate District, Division Two.—June 25, 1927.]

J. E. CHRISTERSON, Appellant, v. WARREN CHASE et al., Respondents.

Wetherhorn, Hoyt & Jones for Appellant.

Charles H. Brock and Earl E. Johnson for Respondents.

MURPHEY, J., *pro tem.*—This appeal is by the plaintiff from a judgment of dismissal following an order of the trial court sustaining a demurrer without leave to amend. The record discloses the following situation: The defendants' predecessor, French, was the owner of the real estate described in the complaint for some time prior to the year 1915 and up to the time of his death; in 1914 he mortgaged the property described in the complaint to Chapin for $5,000; in 1915 the plaintiff procured and docketed in the proper county a judgment against French for $5,800. More that six months after the judgment was entered the superior court set aside the judgment, and from such order setting aside the judgment plaintiff appealed. The order was reversed upon the ground that it had been erroneously made, and the *remittitur* was filed in August, 1919, the supreme court declaring that said judgment shall be in full force and effect as though the same had never been disturbed, and further declaring that said judgment be re-entered *nunc pro tunc* as of August 4, 1915. Pending the appeal the defendant French died and in 1917 Chapin, the mortgagee above named, brought suit on the mortgage, procured a judgment of foreclosure and order of sale, under which the property was sold and bought in by Chapin, who received the deed therefor from the sheriff in 1918. In 1920 Chapin sold and conveyed the property to Van Vrankin, who in October, 1922, conveyed it to Chase and wife, two of the defendants in this suit, the other defendant being the mortgagee of the property under the Chases. In April, 1923, the plaintiff entered the instant suit against the Chases and the bank to foreclose the judgment lien docketed in 1915, and for sale of the property to satisfy that lien.

A summary of the foregoing record will disclose these outstanding facts: The plaintiff procured and docketed a judgment against French in 1915. In 1923 he brought suit to foreclose the judgment lien based thereon, contending that under the law he is allowed to deduct from the toll of the statute the three years intervening between the time when the original judgment was set aside until its reinstatement by the judgment of reversal in the supreme court. We are of the opinion that this position is untenable. We are entirely satisfied that the cases relied

upon by appellant—*Dewey* v. *Latson*, 6 Cal. 130; *Englund* v. *Lewis*, 25 Cal. 337, and section 671 of the Code of Civil Procedure as it read prior to its amendment in 1873— do not speak the law of this state on this subject matter since that time. Since the cases of *Solomon* v. *Maguire*, 29 Cal. 227, and *Rogers* v. *Druffel*, 46 Cal. 654, in which the supreme court directly held that the existence of the judgment lien was in no respect affected by an order staying execution, there are no cases supporting appellant's position. However, we do not deem it necessary to ground our decision on this phase of the case, as we are convinced that there is no merit whatever in the appeal. ▮ The superior court entered a judgment *nunc pro tunc* in 1919 reinstating the original judgment as directed by the supreme court. At that time Chapin, the owner of the mortgage lien existing when the appellant's original judgment was docketed, was the owner of the property under foreclosure sale and deed. There was absolutely nothing then in the way of enforcement and no apparent legal complications or any other legitimate cause to deter plaintiff from proceeding to enforce this alleged judgment lien. Nevertheless the entire matter was permitted to lie dormant for nearly four years, during which time the property in 1920 was conveyed by the purchaser under the foreclosure proceedings to Van Vrankin, who in turn in 1922 conveyed the property to the defendants Chase in this action. In 1923 the appellant instituted this action to enforce his lien. In our judgment the above recital of the sequence of events as it appears on the record is conclusive evidence of unwarranted and unconscionable laches.

Judgment affirmed.

Works, P. J., and Thompson, J., concurred.