[No. D014800. Fourth Dist., Div. One. Dec. 8, 1992.]

EDGEDAW BERHANU, as Representative, etc., Plaintiff and Respondent, v.
TOM METZGER et al., Defendants and Appellants.

**COUNSEL**

Kevin S. Gardner for Defendants and Appellants.

James E. McElroy for Plaintiff and Respondent.

**OPINION**

**TODD, J.**—In October 1990 a Portland, Oregon court entered a judgment against Tom Metzger arising out of the beating death of a Black man. On December 18, 1990, an abstract of the judgment was recorded in San Diego County. On February 21, 1991, the San Diego County Superior Court executed the judgment on a home owned by Metzger. On May 14, 1991, the court granted Metzger a $45,000 exemption.[1] He contends the exemption should have been $75,000.

A family's principal dwelling is its homestead. (Code Civ. Proc., § 704.710, subd. (c).)[2] A homestead is exempt from execution in the amount set forth in section 704.730.

---

[1]These facts are from the briefs and superior court file. The transcripts are nearly devoid of facts.

[2]All statutory references are to the Code of Civil Procedure unless otherwise specified.

Before January 1, 1991, a $45,000 exemption existed on property Metzger claimed as a homestead. Effective January 1, 1991, the exemption increased to $75,000. (§ 704.730, subd. (a)(2).) Relying on section 703.050, subdivision (c), Metzger argues the increased exemption is applicable here. Section 703.050 provides:

"(a) The determination whether property is exempt or the amount of an exemption shall be made by application of the exemption statutes in effect (1) *at the time the judgment creditor's lien on the property was created* or (2) if the judgment creditor's lien on the property is the latest in a series of overlapping liens created when an earlier lien on the property in favor of the judgment creditor was in effect, at the time the earliest lien in the series of overlapping liens was created.

"(b) This section applies to all judgments, whether based upon tort, contract, or other legal theory or cause of action that arose before or after the operative date of this section, and whether the judgment was entered before or after the operative date of this section.

"(c) Notwithstanding subdivision (a), in the case of a levy of execution, *the procedures to be followed* in levying upon, selling, or releasing property, claiming, processing, opposing, and determining exemptions, and paying exemption proceeds, *shall be governed by the law in effect at the time the levy of execution is made* on the property." (Italics added.)

 Metzger argues this case is controlled by subdivision (c). He assumes the amount of the exemption falls within the phrase, "the procedures to be followed" in levying on property. We disagree. Section 704.730, which sets the amount of the exemption, is not one of the "procedures to be followed" in levying on property. Section 703.050, subdivision (a), is controlling. "The determination [of] . . . the amount of an exemption shall be made by application of the exemption statutes in effect (1) at the time the judgment creditor's lien . . . was created . . . ." This occurred before the change in section 704.730 increasing the amount of the exemption.[3]

Metzger recognizes section 704.965 says:

"If a homestead declaration is recorded prior to the operative date of an amendment to Section 704.730 which increases the amount of the homestead exemption, the amount of the exemption for the purposes of subdivision (c) of Section 704.950 and Section 704.960 is the increased amount, except that, *if the judgment creditor obtained a lien* on the declared homestead *prior to*

---

[3] A lien on real property is created by recording an abstract of judgment (§ 697.310).

*the operative date of the amendment to Section 704.730, the exemption* for the purposes of subdivision (c) of Section 704.950 and Section 704.960 *shall be determined as if that amendment* to Section 704.730 *had not been enacted."* (Italics added.) Metzger signed a declaration of homestead on January 9, 1991. He maintains because he claimed his homestead under section 703.510 et seq. rather than under section 704.910, section 704.965 is inapplicable. However, section 703.510 and the following sections in article 2 discuss only the procedures for filing a claim of exemption. Section 704.910 defines declared homestead, homestead owner, dwelling, homestead declaration and spouse for purposes of article 5 on declared homesteads. Section 704.910 does nothing more. Neither section 703.510 nor 704.910 considers the appropriate amount of the homestead exemption.

In any case, Metzger's argument is not supported by the words of section 704.965 which, without exception, states the amount of the exemption is controlled by the date a lien is obtained. ■ When a statute is not ambiguous on its face, we cannot add to it or alter it to accomplish a purpose that does not appear on the face of the statute. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) "Words may not be inserted in a statutory provision under the guise of interpretation." (*Kirkwood* v. *Bank of America* (1954) 43 Cal.2d 333, 341 [273 P.2d 532].)

■ Metzger also argues section 703.050, subdivision (a), applies generally to claims of exemption but not to homesteads. In support of the argument he points to the words in section 704.730, subdivision (a)(2), "if the judgment debtor . . . is at the time of the attempted sale of the homestead a member of a family unit . . . ." He argues this can only be determined at the time of attempted sale. The words Metzger pulls from section 704.730, subdivision (a)(2), discuss who may file a homestead declaration. That is not an issue before this court. Rather, the issue is the proper amount of a homestead exemption. The date to be used for determining the amount of the exemption is covered by section 703.050, subdivision (a). Before the amendment effective January 1, 1991, the amount in section 704.730, subdivision (a)(2), was $45,000.

Relying on *Swearingen* v. *Byrne* (1977) 67 Cal.App.3d 580 [136 Cal.Rptr. 736] and *Ingebretsen* v. *McNamer* (1982) 137 Cal.App.3d 957 [187 Cal.Rptr. 529], Metzger argues case law supports his position the new exemption amount should be applied here. In *Swearingen,* the reviewing court held a judgment does not create a lien against homestead property; the lien is not created until execution because homestead property is exempt from execution. (*Swearingen* v. *Byrne, supra,* 67 Cal.App.3d at p. 584.) However, under

the law at the time *Swearingen* was decided, the homestead exemption was applicable only if a declaration of homestead was filed before judgment. (See Civ. Code, former § 1241.) This provision was amended effective July 1, 1983, to permit the filing of a declaration of homestead at any time. (Stats. 1982, ch. 497, § 8, p. 2137; §§ 704.710-704.850, 704.920, 704.950.) The question of retroactive effect of a change in the exemption amount was not considered in *Swearingen*.

In *Ingebretsen*, the reviewing court held the exemption amount at the time of sale rather than the amount at the time the lien was created controls the amount protected by the homestead. Like *Swearingen, Ingebretsen* was decided before the 1983 changes in the homestead law. In *Ingebretsen*, the court relied on Civil Code sections 1240 through 1269. Effective July 1, 1983, these sections were repealed and replaced with section 704.910 et seq. Section 704.965, discussed above, clearly says changes in the amount of the homestead exemption do not apply if the creditor obtains the lien before the operative date of the change.

The trial court did not err in allowing a $45,000 exemption on the property.

Order affirmed.

Kremer, P. J., and Huffman, J., concurred.