**In re William Alan MORGAN, and Phyllis Marie Morgan, Debtors.**

**Bankruptcy No. SA 92–24101JW.**

United States Bankruptcy Court, C.D. California.

Aug. 12, 1993.

Mark S. Rosen, Santa Ana, CA, for plaintiffs Salvador Sapien and Janice Sapien.

Thomas J. Frederick, Law Offices of Timothy W. Tuttle, Laguna Hills, CA, for defendants/debtors William A. Morgan and Phyllis M. Morgan.

## MEMORANDUM OF DECISION

JOHN J. WILSON, Bankruptcy Judge.

### I. INTRODUCTION

William Alan Morgan and Phyllis Marie Morgan ("Debtors") contend that pursuant to 11 U.S.C. § 522(b) of the Bankruptcy Code ("Code") and California Code of Civil Procedure ("C.C.P.") Sections 704.730 and 704.965 they are entitled to the $75,000 homestead exemption that existed under California law at the time the Debtors filed

their bankruptcy petition. Salvador and Janice Sapien ("Creditors"), judgment lien holders, contend that the Debtors are entitled only to a $45,000 homestead exemption, the exemption allowed under California law at the time the Plaintiffs recorded their abstract of judgment.

## II. STATEMENT OF FACTS

Debtors filed a petition under Chapter 7 of the Code on December 23, 1992. On February 4, 1993, Creditors filed an objection to the Debtors' homestead exemption claimed pursuant to C.C.P. § 704.965. The Creditors hold two judgment liens on the Debtors' residential real property. The first judgment, obtained in California Superior Court, was entered on July 15, 1983 and totaled $3,500. The second judgment, obtained in California Municipal Court, was entered on September 17, 1984 and totaled $15,851.50. On August 9, 1983 the Debtors recorded their declaration of homestead.

The Creditors recorded their first abstract of judgment on August 22, 1983. The second abstract of judgment was recorded on June 19, 1985.

On June 4, 1992, just short of 7 years after recording the second abstract, and pursuant to C.C.P. § 704.750, the Creditors sought an order to show cause from the California Municipal Court for the sale of the Debtors' real property. At issue was the amount of the homestead exemption the Debtors were entitled to as well as the Municipal Court's jurisdiction since the Debtors had filed a prior bankruptcy.[1]

The Municipal Court signed an order on November 5, 1992 after hearing testimony from the Debtors. The court found the fair market value of the Debtors' real property was $175,000 and the homestead exemption was $45,000. Also, the court denied the Debtors' motion to set aside the Creditors' judgment, finding the Debtors' prior bankruptcy filing did not invalidate the court's judgment.[2]

The Creditors contend that the Municipal Court's findings should be followed and the Debtors are entitled only to a $45,000 homestead exemption, the exemption allowed under California law at the time the Creditors recorded their abstracts of judgment. The Debtors contend they are entitled to the $75,000 homestead exemption that existed under California law at the time the Debtors filed their bankruptcy petition.

Therefore, this Court is faced with three issues. First, whether the homestead exemption value afforded the Debtors under 11 U.S.C. § 522(b) is determined at the date the bankruptcy petition is filed or, in the alternative, as of the date a judgment lien is created? Second, whether the Creditors hold valid liens against the Debtors' homestead. Third, whether this Court should give collateral estoppel effect to the California Municipal Court's findings of fact and decide this dispute on the doctrine of res judicata?

## III. DISCUSSION

a. *Homestead Exemption Value*

■ The general proposition that the nature and extent of the bankruptcy petitioner's rights to exemptions under Code § 522 are determined as of the filing date of the petition is incontrovertible. *Owen v. Owen*, —— U.S. ——, —— at fn. 6, 111

---

1. The Debtors' prior bankruptcy had been dismissed for failure to file proper schedules.

2. Further findings of the Municipal Court include fixing the priority and the amount of the proceeds of the sale of the Debtors' property as follows:

| | |
|---|---|
| National City Mortgage deed of trust | $ 2,942.74 |
| Mr. Sapien's first judgment lien | $ 8,495.12 |
| California Employment Development | $17,382.84 |
| Blackburn deed of trust | $71,580.00 |
| Mr. and Mrs. Sapien's second judgment lien | $33,721.56 |
| Total Liens | $134,122.26 |

An IRS tax lien for $28,740 was not dealt with in the Municipal Court's decision and the entire amount of the Blackburn deed of trust was and still is objected to as a sham transaction by the Plaintiffs. Mr. Blackburn is the Debtors' son-in-law.

S.Ct. 1833, 1838 at fn. 6, 114 L.Ed.2d 350 (1991); *In re Morgan*, 149 B.R. 147, 153 (9th Cir. BAP 1993); *In re Herman*, 120 B.R. 127, 129 (9th Cir. BAP 1990); *In re Seyfert*, 97 B.R. 590, 592 (Bankr.S.D.Cal. 1989); *In re Magallanes*, 96 B.R. 253, 255 (9th Cir. BAP 1988).

■ Section 522(b) allows a debtor to make an election between federal exemptions offered in § 522(d) and state exemptions. Pursuant to § 522(b), a state may "opt-out" of the federal exemption scheme.[3] If the state elects to provide its own exemption scheme the debtor must use only those exemptions provided by state law. *Owen*, —— U.S. at ——, 111 S.Ct. at 1835; *Herman*, 120 B.R. at 129. California has opted out of the federal exemption scheme and the Debtors are left solely to state based exemptions as provided in C.C.P. § 703.010 *et seq.* and C.C.P. § 704.-010 *et seq.* to determine the value of the homestead exemption.

The controversy in this case centers on the Creditors' contention that the application of C.C.P. § 704.965 yields a $45,000 exemption rather than the Debtors claim of $75,000. C.C.P. § 704.965 allows one who has declared a homestead exemption prior to the January 1, 1991 operative date of an amendment to C.C.P. § 704.730, to claim an increased homestead exemption of $75,000. However, this code section is not without qualification. This increased exemption is allowed,

> "*except that, if the judgment creditor obtained a lien on the declared homestead prior to the operative date of the amendment* to Section 704.730, the exemption for the purposes of subdivision (c) of Section 704.950 and Section 704.960 shall be determined as if that amendment to Section 704.730 had not been enacted."

Cal.Code Civ.Proc. § 704.965 (West 1987) (emphasis added).

The Creditors claiming a pre–1991 judgment lien, contend that the plain language of this code section does not allow the Debtors to utilize the $75,000 homestead exemption presently provided under C.C.P. § 704.730, but must instead be limited to the $45,000 exemption that existed prior to the January 1, 1991 amendment to C.C.P. § 704.730. *See Berhanu v. Metzger*, 12 Cal.App.4th 445, 15 Cal.Rptr.2d 191 (1992). The Debtors, however, contend that they are entitled to the increased homestead exemption that was available under the California homestead exemption statutes on the date that they filed their bankruptcy petition.

Since California has opted-out of the federal exemption scheme the Debtors are entitled to an exemption under "... State ... law that is applicable on the date of the filing of the petition ..." 11 U.S.C. § 522(b)(2)(A) (1988). Therefore, this Court's task is limited to deciding the amount of the Debtor's homestead exemption according to California law applicable on the date the Debtor's filed their petition.

■ A plain reading of the California exemption scheme provides that, pursuant to C.C.P. § 703.050(a), the determination of the amount of an exemption shall be made by application of the exemption statutes in effect at the time the judgment creditor's lien was created. A lien on real property is created by recording an abstract of judgment. Cal.Code Civ.Proc. § 697.310(a) (1987 West); *Berhanu*, 15 Cal.Rptr.2d at 192. On August 22, 1983 and June 19, 1985 the Creditors recorded their abstracts of judgment. The applicable homestead exemption available under C.C.P. § 704.730, operative July 1, 1983 was $45,000.

■ As previously stated, C.C.P. § 704.-965 allows one who has declared a homestead exemption prior to the January 1, 1991 operative date of the amendment to C.C.P. § 704.730, to claim an increased homestead exemption of $75,000. However, this increased exemption is not allowed *if the judgment creditor obtained a lien on the declared homestead prior to the operative date of the amendment* to Sec-

---

**3.** Section 522(b)(1) defines exempt property as, "property that is specified under section (d) of this section, *unless the State law that is applica-* ble to the debtor ... specifically does not so authorize; ..." (emphasis added)

tion 704.730. The plain language of C.C.P. § 704.965 clearly states that the homestead exemption value is determined as if the amendment to C.C.P. § 704.730 had not been enacted. Thus, as to the Creditors judgment liens, the Debtors are limited to a $45,000 homestead exemption.

b. *Validity of Liens*

■ Debtors cite to C.C.P. § 704.950 for the proposition that the Creditors' judgment lien never attached to the property. The Debtors contend that the Creditors did not have a valid lien at the time of the recording of either of the abstracts of judgment. The Debtors argue that without equity in the property the Creditors' abstracts could not attach to the homestead.

This Court disagrees. The Debtors have incorrectly substituted C.C.P. § 704.965 for that of C.C.P. § 697.310 in that they contend that there must be equity in the property for an abstract of judgment to create a valid lien. A valid lien against the property was created when the Creditors filed their abstracts of judgment. Cal.Code Civ. Proc. § 697.310 (1987 West). A lack of equity in the property simply means that the lien has little or no value. It does not, however, render the lien unenforceable. Accordingly, the Creditors hold two valid judicial liens against the Debtors' homestead.

c. *Res Judicata*

■ Under the doctrine of res judicata a final judgment rendered on the merits by a court of competent jurisdiction is conclusive as to the rights of the parties and constitutes an absolute bar to a subsequent action involving the same cause of action. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The Creditors contend that since the California Municipal Court has already made its findings of fact, and the time period for appeal has elapsed, this Court is bound by the Municipal Court's findings under the doctrine of res judicata.

The Ninth Circuit Bankruptcy Appellate Panel ("BAP") has recently addressed this issue. In *In re Morgan,* 149 B.R. 147, 152–53 (9th Cir. BAP 1993), a Chapter 11 debtor filed a motion to avoid a judicial lien against his alleged homestead property, and the Federal Deposit Insurance Company ("FDIC") as lienholder filed an opposition to the motion asserting that a state court order which determined that the debtor was not entitled to a homestead exemption should be given full faith and credit. The debtor contended that since the state court judgment that denied him a homestead exemption was made 14 months prior to the debtor's filing for bankruptcy, and his eligibility for the exemption is determined at the date of the filing of his petition for bankruptcy, res judicata could not be applied.

The Bankruptcy court gave full faith and credit to the state court's decision and would not permit the debtor to relitigate the issue. The BAP reversed, holding that the bankruptcy court must determine whether the debtor would have been entitled to the exemption as of the date the debtor files bankruptcy, an issue that the state court did not decide.

*Morgan* has no application to the case here. The debtor in Morgan filed a motion to avoid the creditor's lien under Code § 522(f), after the time to object to claims of exemption had passed with no objection having been filed. Here, Debtors are not seeking to avoid Creditors' lien; Creditors have filed an objection to the claim of exemption, a fact not before the BAP in *Morgan.*

In *Morgan,* the state court made its findings 14 months before bankruptcy whereas here, the state court determined the amount of the homestead exemption as to the objecting Creditors less than 2 months before bankruptcy.

When a creditor objects to a claim of homestead exemption, the bankruptcy court must apply California law to determine the validity, extent and amount of the exemption. California has opted out of the Bankruptcy Code exemption scheme and one need look only to the state law to make the necessary determinations. As previously noted, the California statutes are

clear and unambiguous; the Debtors are entitled to a homestead exemption of only $45,000 as against the objecting creditors. That is the law in California today and was the law on the date bankruptcy was filed.

The state court made this determination on the eve of bankruptcy after the Debtors had their day in court. There is nothing in Code § 522 that permits this court to disregard the state exemption laws or the valid judgment of the state court. The findings of the Municipal Court are entitled to collateral estoppel effect and the judgment is res judicata.

Finally, independent of the doctrine of res judicata, this court, applying C.C.P. § 704.965, holds that, as to these objecting Creditors, Debtors have a homestead exemption of $45,000.

### IV.  CONCLUSION

This Court's review of applicable law compels the conclusion that as to these creditors, pursuant to 11 U.S.C. § 522(b) and C.C.P. §§ 704.730 and 704.965, the Debtors are entitled to the homestead exemption valued at $45,000. Further, pursuant to C.C.P. § 697.310, the Creditors hold two valid judicial liens against the Debtors' homestead. Lastly, for the reasons stated above, this Court gives collateral estoppel effect to the California Municipal Court's findings of fact under the doctrine of res judicata. This memorandum of decision contains this Court's findings of fact and conclusion of law. Counsel for the Creditors shall lodge and serve a proposed order consistent with this memorandum of decision.