Filed 7/19/23  WFG National Title Ins. Co. v. Martinez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| WFG NATIONAL TITLE INSURANCE COMPANY,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDRES MARTINEZ et al.,<br><br>    Defendants and Appellants. | D080800<br><br><br><br>(Super. Ct. No. CVCO2102170) |

APPEAL from an order of the Superior Court of Riverside County, Tamara Wagner, Judge.  Affirmed.

Law Offices of Vasu Vijayraghavan and Vasumathi Vijayraghavan for Defendants and Appellants.

Hershorin & Henry, Lori Hershorin and Sarah Denis for Plaintiff and Respondent.

Andres Martinez and Yvette Heredia (collectively, Defendants), appeal from an order denying their motion to vacate the trial court's order to force the sale of their home to satisfy an outstanding civil judgment.  They assert

that there were various procedural irregularities, and that the trial court miscalculated the amount owed to them under two separate homestead exemptions. Respondent and judgment creditor WFG National Title Insurance Company (WFG) asserts the appeal should be dismissed as moot because the house has been sold and the sale is now final. We agree that the sale moots the procedural issues raised on appeal but decline to dismiss the appeal in its entirety. We address Defendants' argument regarding the homestead exemptions, find no error, and affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. *The Underlying Judgment, Lien, and Assignments*

In May 2007, Buckeye Retirement Co., LLC, Ltd. (Buckeye) obtained a judgment in a civil action for fraud against Martinez in the amount of $103,027 in Kern County (the Kern County Judgment). Buckeye subsequently assigned its rights and interest in the Kern County Judgment to CIRAS, LLC (CIRAS), and filed a notice with the Superior Court for the County of Kern documenting the transfer.

Approximately five years later, Martinez acquired title, as a single man, to a single-family home on Briana Way in Riverside County (the Briana Way Property). A deed of trust recorded a few years later in February 2015 shows that Martinez took out a mortgage loan for $498,485, secured against the Briana Way Property. That March, counsel for Buckeye and CIRAS

---

[1]    We hereby grant WFG's motion to augment the record with additional documents that WFG designated but which were not included in the original clerk's transcript. (See California Rules of Court, rule 8.155.)

2

recorded an Abstract of Judgment from Kern County in Riverside County, creating a judgment lien on the Briana Way Property.[2]

Martinez did not pay the judgment and interest continued to accrue. In June 2016, CIRAS filed an application for a renewal of judgment indicating a total amount still owed of $219,543.95. The trial court issued a notice of renewal of judgment and CIRAS recorded the renewal of judgment in Riverside County on February 1, 2017. CIRAS subsequently assigned the judgment and the associated judgment lien to WFG.

In January 2019, a grant deed transferring ownership of the Briana Way Property from Martinez, as a single man, to Martinez and "Yvette Y. Heredia, a Single Woman, as Joint Tenants" was recorded in Riverside County. The deed specified that the transfer was a "bona fide gift" to Heredia.

By April 2021, the amount owed on the judgment had increased to $514,148.20, and the value of the Briana Way Property was approximately $790,000. Counsel for WFG obtained a notice of levy against the Briana Way Property on May 14, 2021. The Riverside County Sheriff served Martinez and Heredia with the notice of levy, by posting on June 2, and by mail, on June 3, 2021.

B. *Trial Court Proceedings to Force the Sale of the Briana Way Property*

On May 28, 2021, WFG filed a petition for enforcement of the Kern County Judgment in the Superior Court for the County of Riverside. Later that month, WFG filed an "Application by Petitioner [WFG] For Issuance of an Order for Sale" of the Briana Way Property (the Application for Sale). On

---

[2]    Code of Civil Procedure section 697.310 provides, in relevant part, "a judgment lien on real property is created under this section by recording an abstract of a money judgment with the county recorder." All further unspecified statutory references are to the Code of Civil Procedure.

June 2, 2021, the Court set a hearing on WFG's petition for July 21, 2021. And, on June 29, 2021, Martinez and Heredia were served with the Application for Sale, the proposed order, and the notice of the hearing, again by posting and regular mail.

About a week later, on July 6, 2021, Martinez and Heredia each recorded Homestead Exemption Declarations. The declarations had been previously dated and notarized on December 14, 2020 and February 18, 2021, respectively.

On July 21, 2021, WFG filed an ex parte application for issuance of an order to show cause why the Briana Way Property should not be sold. In the ex parte application, WFG noted that the governing law required that the order to show cause be heard within 45 days of the filing of the Application for Sale and asserted, "[t]herefore, time is of the essence." The hearing on the ex parte was originally set for July 23, but the court continued both the hearing on the petition and the hearing for the ex parte to August 11 and 25, respectively.

The trial court heard argument on the Application for Sale on August 11, 2021, and took the matter under submission. At the hearing on August 25, the trial court noted that the matter had been complicated by the fact that WFG had filed it as a petition rather than an application. WFG explained that the court clerk had required them to file that way, and the court said it would not fault WFG, and would correct the issue that day, with all parties present. The court then denied the petition, granted the ex parte, found good cause to extend the statutory requirement that the hearing be set within 45 days of the filing of the Application for Sale, and set the matter for a hearing on October 6, 2021 on an order to show cause why the Application for Sale should not be granted. Martinez's counsel asserted Martinez was

4

prejudiced by the issuance of an order to show cause because he had not been adequately served, but the court explained they were "starting all over from today" and Martinez would have an opportunity to be heard on the merits on October 6.

Per the trial court's instructions, WFG served Martinez and Heredia with all the relevant filings and notices again by posting and mail on September 1, 2021. Counsel for Martinez appeared at the hearing on October 6, and both sides presented argument on the merits. At the conclusion of the hearing, the trial court granted the Application for Sale, subject to a $75,000 homestead exemption for Martinez. Martinez asserted he was entitled to a larger exemption based on recent changes in the law, but the court explained, "under [section] 703.050 [, subdivision] (a), the determination whether the property is exempt or the amount of the exemption shall be made by the application of the exemption statutes in effect at the time the judgment creditor's lien on the property . . . was created" and that, here, the lien had been created when the abstract of judgment was recorded in March 2015. For similar reasons, the court declined to grant a separate exemption for Heredia.

On October 15, 2021, the court issued written findings of fact, conclusions of law, and an order for sale of the property, consistent with its prior oral ruling. Pursuant to the trial court's written order, the proceeds of the sale were to be distributed as follows: $496,340.17 plus interest to the mortgage lender, PennyMac, LLC; $75,000 to Martinez for the homestead exemption; and the remainder to WFG, up to the outstanding amount on the judgment.

Martinez filed a motion to vacate or set aside the trial court's October 6, 2021 ruling pursuant to section 663, and asserted the order was based "on

5

multiple erroneous or incorrect legal basis [*sic*]." (Boldface omitted.) The trial court denied the motion, finding it was "an improper motion for reconsideration and [was] not based on new facts and circumstances regarding this matter."

Martinez and Heredia filed a timely notice of appeal from the trial court's denial of the motion to vacate or set aside the October 6, 2021 ruling.[3] They also filed a motion to stay all proceedings pending the appeal, but the trial court denied the motion without prejudice because they had not provided the requisite undertaking. Defendants filed a second motion to stay, but again posted no undertaking, and the Briana Way Property sold to WFG for $790,000 on August 18, 2022. The sale was recorded on September 12, 2022.[4]

## II. DISCUSSION

On appeal, Defendants state they "will argue the motion to vacate order was correctly argued under [ ] section 663 and was NOT a disguised motion for reconsideration" (Boldface and capitalization omitted.) But rather than doing so, they assert many of the same arguments as in the motion to vacate, attacking the merits of the trial court's October 2021 order for sale. They contend: 1) the trial court erred in determining the amount of the

---

[3] "A statutory appeal from a ruling denying a section 663 motion is indeed distinct from an appeal of a trial court judgment and is permissible without regard to whether the issues raised in the appeal from the denial of the section 663 motion overlap with issues that were or could have been raised in an appeal of the judgment." (*Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 135.)

[4] We hereby grant WFG's request to take judicial notice of the Sheriff's Deed reflecting the sale of the Briana Way Property. (See Cal. Rules of Court, rule 8.252(a); Evid. Code §§ 452, subd. (d), 459.)

homestead exemption[s]; 2) they were not effectively served with the Application for Sale and Notice of Levy; 3) the proceedings did not comport with the statutory procedures for obtaining an order for sale as set forth in sections 740.750 and 740.770; and 4) the trial court erred by not requiring an independent appraisal of the property.

WFG addresses each of the arguments on the merits, and also filed a separate motion to dismiss, asserting that the appeal is moot because the sale of the property is now final, which we deferred for consideration along with the present appeal. As we explain, we agree that the sale has mooted the procedural issues raised on appeal. However, we decline to dismiss the appeal in its entirely and, instead, address the arguments regarding the value of the homestead exemption on the merits.

A. *The Sale of the Property Moots the Procedural Issues Raised on Appeal*

WFG filed a motion to dismiss the appeal as moot, based on the sale of the Briana Way Property. Defendants opposed the motion, and this court issued an order stating that the motion would be considered concurrently with the appeal.

" 'It is well settled that an appellate court will decide only actual controversies. Consistent therewith, it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events.' " (*La Mirada Ave. Neighborhood Assn. of Hollywood v. City of Los Angeles* (2016) 2 Cal.App.5th 586, 590 (*La Mirada*).) Thus, where an event occurs during the pendency of an appeal that precludes the appellate court from providing any effective relief, the appeal is rendered moot and must be dismissed. (*Ibid.*; accord *Union of Medical Marijuana Patients, Inc. v. City of*

7

*San Diego* (2019) 7 Cal.5th 1171, 1190, fn. 7 [acknowledging appeal is rendered moot if appellate court cannot grant effective relief].)

Here, WFG asserts there is no relief this court can provide because, pursuant to section 701.680, subdivision (a), the sale of the Briana Way property "is absolute and may not be set aside for any reason."

Section 701.680 provides, in relevant part:

> "(a) Except as provided in paragraph (1) of subdivision (c), a sale of property pursuant to this article is absolute and shall not be set aside for any reason. [¶] . . . [¶]
>
> "(c) If the sale was improper because of irregularities in the proceedings, because the property sold was not subject to execution, or for any other reason:
>
> "(1) The judgment debtor, or the judgment debtor's successor in interest, may commence an action within 90 days after the date of sale to set aside the sale if the purchaser at the sale is the judgment creditor. Subject to paragraph (2), if the sale is set aside, the judgment of the judgment creditor is revived to reflect the amount that was satisfied from the proceeds of the sale and the judgment creditor is entitled to interest on the amount of the judgment as so revived as if the sale had not been made. Any liens extinguished by the sale of the property are revived and reattach to the property with the same priority and effect as if the sale had not been made."

Neither Martinez nor Heredia commenced an action to set aside the sale of the Briana Way Property within 90 days. They do not contend otherwise. Rather, they rely on section 916 to assert that their filing of the notice of appeal in this court stayed all proceedings in the trial court. Not so. Section 916 does provide, generally, that the perfecting of an appeal stays all related proceedings in the trial court, but it is expressly limited by sections 917.1 through 917.9. (See § 916, subd. (a) ["Except as provided in Sections 917.1 to 917.9"].)

8

Section 917.4 provides, in relevant part, "[t]he perfecting of an appeal shall *not* stay enforcement of the judgment or order in the trial court if the judgment or order appealed from directs the sale, conveyance or delivery of possession of real property which is in the possession or control of the appellant or the party ordered to sell, convey or deliver possession of the property, *unless an undertaking in a sum fixed by the trial court is given* that the appellant or party ordered to sell, convey or deliver possession of the property will not commit or suffer to be committed any waste thereon and that if the judgment or order appealed from is affirmed, or the appeal is withdrawn or dismissed, the appellant shall pay the damage suffered by the waste and the value of the use and occupancy of the property . . ." (Italics added.) Here, as the trial court expressly noted in denying Martinez's request for a stay based on the present appeal, no undertaking was given. And, in the absence of an undertaking, the order for sale was not stayed.

As it has now been more than 90 days since the date of the sale, and neither Martinez nor Heredia have commenced an action to set the sale aside, the sale is now final. This court therefore has no authority to reverse the order for sale or otherwise provide relief from any of the alleged procedural defects in the proceedings regarding the Order for Sale. Accordingly, Defendants' arguments regarding service of process, the alleged procedural irregularities in the trial court, and the absence of an independent appraisal have been rendered moot and need not be addressed on appeal. (See *La Mirada, supra,* 2 Cal.App.5th at p. 590; *First Federal Bank of California v. Fegen* (2005) 131 Cal.App.4th 798 [dismissing appeal as moot on similar grounds].)

Martinez and Heredia assert that this court has inherent power to consider issues that are technically moot, but are nevertheless important and

9

of continuing interest. (See *Abbott Ford, Inc. v. Superior Court* (1987) 43 Cal.3d 858, 868–869, fn 8.) But they do not provide any argument or support for their contention that the issues that have been rendered moot are nevertheless of important or continuing interest. Rather, the now mooted issues are specific to their own case and could have been addressed through the mechanism provided by section 701.680, subdivision (c). We therefore decline to exercise our discretion to reach those same issues by way of the present appeal.

There remains one issue on which this court could potentially provide relief. Martinez and Heredia also assert that the trial court erred in determining the value of the homestead exemption(s) available to them. On that issue, it is at least conceivable that this court could provide relief. While the sale of the Briana Way Property cannot be undone, the distribution of proceeds from the sale could be adjusted. (See *Holmes v. Harris* (9th Cir., Apr. 22, 2022, Nos. 21-55330, 21-55566) 2022 U.S. App. LEXIS 11050 at *3 [examining issue regarding homestead exemption despite final sale].) We therefore decline to dismiss the appeal in its entirety and will, instead, address this single issue on the merits.

B. *The Court Did Not Err in Calculating the Homestead Exemption*

A judgment debtor, or the spouse or domestic partner of a judgment debtor, may claim a homestead exemption when a creditor seeking to satisfy a judgment elects to sell the home, or " 'dwelling,' " that they live in. (See §§ 703.020 [defining persons who may claim exemptions], 704.710 et seq. [defining the homestead exemption].) Here, the trial court awarded Martinez a homestead exemption in the amount of $75,000. Martinez and Heredia assert the trial court erred in determining the amount of the homestead exemption for two reasons. Neither has merit.

10

First, Martinez and Heredia assert the trial court should have calculated the homestead exemption pursuant to recent statutory changes to section 704.730.  Prior to January 1, 2021, section 704.730 set the amount of the homestead exemption at $75,000 for an individual judgment debtor, $100,000 if a spouse or member of a family unit had a community interest in the home, and $175,000 if certain other exceptions applied.  (See former § 704.730, subds. (a), (b); see also § 704.710, subd. (b) [defining " 'Family unit' " for purposes of the homestead exemption].)  Effective January 1, 2021, section 704.730 now provides a homestead exemption in an amount equal to the greater of $300,000 or the "countywide median sale price for a single-family home in the calendar year prior to the calendar year in which the judgment debtor claims the exemption," not to exceed $600,000.  (§ 704.730, eff. Jan. 1, 2021; see also Assembly Bill No. 1885 (2020 Reg. Sess.) Ch. 94.)

Martinez and Heredia assert that they were entitled to an exemption in the amount of $600,000 based on the current statute, and that the trial court erred by relying instead on the former version.  To the contrary, section 703.050, subdivision (a), provides, "[t]he determination whether property is exempt or the amount of an exemption shall be made *by application of the exemption statutes in* effect (1) at the time the judgment creditor's lien on the property was created or (2) if the judgment creditor's lien on the property is the latest in a series of overlapping liens created when an earlier lien on the property in favor of the judgment creditor was in effect, *at the time the earliest lien in the series of overlapping liens* was created." (Italics added.)

Here, the judgment creditor's lien was created by the recording of the abstract of judgment in Riverside County in 2015, or, at the latest, by the recording of the renewal of judgment in Riverside County in 2017.  (See § 697.310, subd. (a) ["Except as otherwise provided by statute, a judgment

11

lien on real property is created under this section by recording an abstract of a money judgment with the county recorder"].) And, as the trial court explained, "[s]tatutory increases in the exemption amount arising after the judgment creditor's attachment lien was recorded do not apply." (See § 703.050. subd. (a); *Barclay v. Boskoski* (2022) 52 F.4th 1172, 1174-1175 [relying on section 703.050, subdivision (a) to conclude, "[u]nder California law, the exemption [the debtor] could claim would be fixed at the 2014 amount," when the lien on his home was first recorded].)

Seeking to avoid this result, Martinez and Heredia point to section 703.050, subdivision (c), which provides, "[n]otwithstanding subdivision (a), in the case of a levy of execution, *the procedures to be followed* in levying upon, selling, or releasing property, claiming, processing, opposing, and determining exemptions, and paying exemption proceeds, shall be governed by the law in effect at the time the levy of execution is made on the property." (Italics added.) As this court has previously explained, "[s]ection 704.730, which sets the amount of the [homestead] exemption, is not one of the 'procedures to be followed' in levying on property. Section 703.050, subdivision (a), is controlling." (*Berhanu v. Metzger* (1992) 12 Cal.App.4th 445, 447.)

In the alternative, they assert Heredia was entitled to a separate homestead exemption in the amount of $75,000, for a total of $150,000. But Heredia had no interest in the Briana Way Property when the judgment lien was first recorded in 2015, or when the renewal of judgment was recorded in 2017. She did not become vested in title until January 2019, when the grant deed transferring partial ownership to Heredia as a "bona fide gift" was recorded. As the trial court found, the conveyance to Heredia did not trigger an entitlement by her to then claim an additional homestead exemption.

12

"The homestead exemption itself does not . . . have any effect on the claims of creditors secured by liens that have priority over the declaration of homestead." (*Amin v. Khazindar* (2003) 112 Cal.App.4th 582, 588.) It is available only when "a party has continuously resided in a dwelling from the time that a creditors' lien attaches." (*Ibid*.) Finally, though Defendants now contend they were "common law spouse[s]," Martinez's counsel represented that Martinez was not married at the hearing on October 6, 2021. Regardless, California does not recognize common law marriages. (See *People v. Badgett* (1995) 10 Cal.4th 330, 363.) Accordingly, Defendants are not entitled to an additional exemption based on Heredia's alleged status as the spouse of the judgment debtor.

In sum, we conclude the trial court did not err in setting the value of the homestead exemption at $75,000 and decline to address the remaining arguments raised on appeal as they are now moot.

## III. DISPOSITION

The order is affirmed. WFG is entitled costs on appeal.

KELETY, J.

WE CONCUR:

McCONNELL, P. J.

BUCHANAN, J.

13